**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DANIELLE ROGAL-HUDSPETH,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No._________________** |
| **CITY OF BOWIE,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**<u>NOTICE OF REMOVAL</u>**

Defendant, the City of Bowie (hereinafter the "City"), pursuant to the Federal Rules of Civil procedure and 28 U.S.C. §§ 1331, 1441 and 1446, submits this Notice of Removal, and, in support thereof, states:

1. Plaintiff Danielle Rogal-Hudspeth ("Hudspeth") commenced a civil action against the Defendant in the Circuit Court for Prince George's County, Maryland, Civil Case No. C-16-CV-24-003181 on July 8, 2024. The original Complaint in this action contained only discrimination and retaliation claims under Title 2 of the State Government Article of the Annotated Code of Maryland. On June 24, 2025, before any substantial proceedings had been held in the Circuit Court, Hudspeth filed an Amended Complaint adding purported violations of 42 U.S.C. § 1210, *et seq.* (the "ADA") and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.

2. Defendant has filed an Answer to the Amended Complaint in the Circuit Court and hereby removes the case to this Court.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. Specifically, the action and claims arise

under the ADA, codified at 42 U.S.C. § 1210 *et seq.*, and the Rehabilitation Act, codified at 29 U.S.C. § 701 *et seq*.

4. Plaintiff's remaining claims are State law claims that arise out of the same common nucleus of operative facts as Plaintiff's claim under the ADA and the Rehabilitation Act. This Court may therefore exercise jurisdiction over those claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

5. This action may therefore be removed to this Court by the City under 28 U.S.C. § 1441.

6. The City was electronically served with the Amended Complaint on June 24, 2025. Pursuant to 28 U.S.C. § 1446 (b), the time for filing this Notice of Removal has not yet expired.

7. Pursuant to the requirement of 28 U.S.C. § 1446(d), the City shall, promptly after the filing of this Notice of Removal, give written notice to all adverse parties and shall file a copy of this Notice with the Clerk of the Court for Prince George's County.

8. Pursuant to Local Rule 103.5, within thirty (30) days of the filing of this Notice of Removal, the City will file certified or attested copies of the summons, complaint, and docket entries filed in the Circuit Court for Prince George's County, Civil Case No. C-16-CV-24-003181.

WHEREFORE, for the foregoing reasons, the City respectfully requests that this action now pending in the Circuit Court for Prince George's County be removed to the United States District Court for the District of Maryland.

Respectfully submitted,

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey, Esquire
(Federal Bar ID 20097)
Brandy J. Gray, Esquire
(Federal Bar ID 28455)
Semmes, Bowen & Semmes
250 W. Pratt St. Suite 1900
Baltimore, Maryland 21201
PH: (410) 539-5040
FX: (410) 539-5223
mmccloskey@semmes.com
bgray@semmes.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July, 2025, a copy of the foregoing Notice of Removal was served electronically and/or mailed first-class, postage prepaid to:

Cori Cohen, Esquire
Gilbert Employment Law, P.C.
8403 Colesville Rd., Ste. 1000
Silver Spring, MD 20910
(301) 608-0880
(301) 608-0881 fax
ccohen@gelawyer.com
*Attorneys for Plaintiff*

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (20097)