E-FILED; Prince George's Circuit Court
Docket: 7/18/2025 9:36 AM; Submission: 7/18/2025 9:36 AM
Envelope: 22096339

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH, | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| CITY OF BOWIE, | * | PRINCE GEORGE'S COUNTY |
| Defendant | * | CASE NO. C-16-CV-24-003181 |

* * * * * * * * * * * * *

**ANSWER TO AMENDED COMPLAINT**

Defendant, City of Bowie ("the City"), by its attorneys, Matthew J. McCloskey and Semmes, Bowen & Semmes, pursuant to Maryland Rule 2-323, answers the Amended Complaint and Jury Demand ("Complaint") as set forth below and, in response to the individual paragraphs contained therein, asserts as follows:

**RESPONSES TO ALLEGATIONS**

1. Paragraph 1 of the Complaint sets forth the alleged legal bases for Plaintiff's claims. Defendant admits that Plaintiff has asserted such claims, but denies that they are viable claims and that the City is liable to Plaintiff.

2. Defendant admits the allegation set forth in Paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint are merely explanatory and require no admission or denial from Defendant.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 17, but notes that Plaintiff's score for 2021-22 was lower than that for 2020-21.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff injured her foot and that she was granted leave for the injury. Defendant denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 20, and therefore denies same.

21. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 21, and therefore denies same.

22. Defendant denies the allegation set forth in Paragraph 22, as Plaintiff notified Ms. Wilcox the same day as the injury, and Ms. Wilcox offered her two weeks of telework without a doctor's note.

23. Defendant denies the allegation set forth in Paragraph 23, but admits that Plaintiff was offered two weeks of telework.

24. Defendant is without sufficient information to admit or deny the allegations as stated in Paragraph 24 of the Complaint, and therefore denies same. Defendant admits that staff

members conducted therapy remotely through the initial portion of the pandemic and during a subsequent spike in transmission, but it determined that teletherapy was not the best mode of treatment for small children or for most families.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff continued to conduct client sessions as telehealth sessions, but she was the only counselor who was seeing most clients remotely and, by the time she returned from her short-term disability leave in April 2023, almost all families were seen in person.

27. Defendant denies the allegations as stated in in Paragraph 27 of the Complaint and related footnote.

28. Defendant admits that Ms. Wilcox granted Plaintiff two weeks of telework, but denies the remaining allegations as stated in Paragraph 28, as Plaintiff stated on several occasions after the foot injury that she wanted to do the group sessions.

29. Defendant denies the allegations as stated in Paragraph 29, as the agency arranged transportation for Plaintiff.

30. Defendant denies the allegations as stated in Paragraph 30, as Ms. Wilcox's efforts allowed Plaintiff to complete the job requirement for the group sessions.

31. Defendant denies the allegations as stated in Paragraph 31 and notes that Plaintiff never voiced any reservations about the task nor did she request rescheduling.

32. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 32, and therefore denies same.

33. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 33, and therefore denies same.

34. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 34, and therefore deny same.

35. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 35 of the Complaint, and therefore denies same.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff may have run the group, but denies the remaining allegations in Paragraph 37, as Plaintiff never asked to stop running the group and, in fact, complained when she was later removed from the group.

38. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 38, and therefore denies same.

39. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 39, and therefore denies same.

40. Defendant admits that Ms. Wilcox suggested that Plaintiff take short-term disability leave, but denies the remaining allegations as stated in Paragraph 40.

41. Defendant admits that Plaintiff wanted 100% telework, as alleged in Paragraph 41. Defendant is without sufficient information at this time to admit or deny the allegation concerning Plaintiff's personal finances, and so denies same. Defendant denies that Plaintiff's job responsibilities could be fulfilled via 100% telework.

42. Defendant denies the allegations set forth in Paragraph 42.

43. Defendant admits the allegations set forth in Paragraph 43.

44. Defendant admits that the note referenced in Paragraph 44 identified the date of injury as September 30, 2022, but denies that it deemed 100% telework to be the only way in which Plaintiff could continue to work.

45. Defendant admits to the allegations set forth in Paragraph 45, except it denies the characterization of Ms. Wilcox's invitation to Plaintiff to submit a more clear note as a demand.

46. Defendant is without sufficient information at this time to admit or deny the characterization in Paragraph 46 of the podiatrists state of mind, and therefore denies same. Defendant denies receipt of multiple iterations of letters from the podiatrist, as it received the initial note on October 11, 2022 and a single additional note on October 19, 2022.

47. Defendant denies the allegations set forth in Paragraph 47. See response to Paragraph 42 above.

48. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 48, and therefore denies same.

49. Defendant denies the allegations set forth in Paragraph 49, but admits that Ms. Wilcox offered Plaintiff short-term disability leave and explained in detail why 100% telework was not a workable solution for an extended period of time.

50. Defendant admits that Plaintiff insisted on 100% telework but denies that Plaintiff could perform her essential job functions via 100% telework.

51. Defendant denies the allegations set forth in Paragraph 51, as Plaintiff insisted on 100% telework.

52. Defendant denies the allegations set forth in Paragraph 52, except that it admits that Ms. Wilcox sent Plaintiff an email on October 19, 2022 detailing the reasons why she could not perform her essential job duties via 100% telework for an extended period of time.

53. Defendant admits the allegations in Paragraph 53 to the extent that it offered Plaintiff short-term disability leave and explained the reasons Defendant could not offer her 100% telework for an extended period, but denies the characterization that it involuntarily placed her on leave.

54. Defendant denies the allegation as to what Ms. Wilcox knew about when Plaintiff would view the email, but admits the remaining allegations set forth in Paragraph 54.

55. Defendant admits that Plaintiff responded to the Ms. Wilcox's email, but denies the remaining allegations in Paragraph 55 as Plaintiff insisted that 100% telework was the only accommodation that would allow her to continue to work.

56. Defendant admits the allegations set forth in Paragraph 56.

57. Defendant admits the allegation set forth in Paragraph 57.

58. Defendant admits the allegation set forth in Paragraph 58.

59. Defendant denies the allegation set forth in Paragraph 59.

60. Defendant admits the allegation set forth in Paragraph 60.

61. Defendant denies that Plaintiff attempted to engage in a dialogue, but admits the remaining allegations set forth in Paragraph 61 of the Complaint.

62. Defendant admits the allegation set forth in Paragraph 62.

63. Defendant admits the allegations set forth in Paragraph 63, but notes that the Charge was not perfected. The perfected Charge was received by Defendant on June 2, 2023.

64. Defendant denies the allegations set forth in Paragraph 64.

65. Defendant denies the allegations set forth in Paragraph 65.

66. Defendant denies the allegations set forth in Paragraph 66, except that it admits that Ms. Wilcox tried to schedule a meeting with Plaintiff on Monday, October 24, 2022, a day on which Plaintiff was not on vacation. Defendant further admits that Monday was not a routine workday for Plaintiff, though she did occasionally work on Mondays.

67. Defendant denies the allegation set forth in Paragraph 67, but admits that Monday was not a routine workday for Plaintiff, though she did occasionally work on Mondays.

68. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 68, and therefore denies same.

69. Defendant admits that the meeting took place at 3pm on October 24, 2022, but denies the remaining allegations set forth in Paragraph 69.

70. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 70, but denies that Plaintiff had arranged to take a vacation day on October 24, 2022 and notes that she previously communicated that wedding she was attending was local.

71. Defendant admits the allegation set forth in Paragraph 71.

72. Defendant admits that allegation set forth in Paragraph, and notes that, as an accommodation, Plaintiff was permitted to work 7.5 more hours of telework than any other therapist.

73. Plaintiff denies the allegation set forth in Paragraph 73.

74. Defendant denies the allegation set forth in Paragraph 74.

75. Defendant denies the allegation set forth in Paragraph 75.

76. Defendant denies the allegation set forth in Paragraph 76.

77. Defendant admits the first statement in Paragraph 77 and is without sufficient information to admit or deny the second statement, and therefore denies same.

78. Defendant denies the allegation set forth in Paragraph 78.

79. Defendant denies the allegation set forth in Paragraph 79.

80. Defendant admits the allegation set forth in Paragraph 80.

81. Defendant admits that Plaintiff made the allegations described in Paragraph 81, but denies that those allegations were or are accurate.

82. Defendant is without sufficient information to admit or deny the allegations in Paragraph 82 regarding Mr. Haley's statements, and therefore denies same, and denies that the allegations concerning Ms. Wilcox.

83. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 83.

84. Defendant admits that Plaintiff forwarded a number of emails to Mr. Haley and is without sufficient information to admit or deny the remaining allegation in Paragraph 84, and therefore denies same.

85. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 85, and therefore denies same.

86. Defendant denies the allegation set forth in Paragraph 86.

87. Defendant denies the allegation set forth in Paragraph 87.

88. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 88, and therefore denies same.

89. Defendant denies the allegation set forth in Paragraph 89.

90. Defendant admits that the attendance of staff is voluntary as alleged in Paragraph 90 and is without sufficient information at this time to admit or deny the remaining allegation, and therefore denies same.

91. Defendant denies the allegation as set forth in Paragraph 91 of the Complaint.

92. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 92, and therefore denies same.

93. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 93, and therefore denies same.

94. Defendant denies the allegation set forth in Paragraph 94.

95. Defendant denies the allegation set forth in Paragraph 95.

96. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 96, and therefore denies same.

97. Defendant denies the allegation set forth in Paragraph 97 of the Complaint.

98. Defendant admits that Plaintiff attended the party and is without sufficient information at this time to admit or deny the remaining allegations set forth in Paragraph 98, and therefore denies same.

99. Defendant denies the allegation set forth in Paragraph 99.

100. Defendant admits that Ms. Wilcox informed Plaintiff that she would need to return to the schedule of the other therapists but denies that it was Ms. Wilcox's observations that led to the decision.

101. Defendant admits the allegation set forth in Paragraph 101.

102. Defendant denies the allegation set forth in Paragraph 102.

103. Defendant denies the allegation set forth in Paragraph 103.

104. Defendant is without sufficient information to admit or deny the allegation set forth in Paragraph 104, and therefore denies same.

105. Defendant is without sufficient information to admit or deny the allegation set forth in Paragraph 105, but denies the allegation set forth in the footnote thereto.

106. Defendant admits the allegation set forth in Paragraph 106.

107. Defendant admits that Plaintiff forwarded the email as alleged in Paragraph 107.

108. Defendant admits that Plaintiff asserted the allegation set forth in Paragraph 108.

109. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 109, and therefore denies same.

110. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 110, and therefore denies same.

111. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 111, and therefore denies same.

112. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 112, and therefore denies same.

113. Defendant admits the allegation set forth in Paragraph 113.

114. Defendant admits that Plaintiff made the allegations described in Paragraph 114.

115. Defendant admits the allegation set forth in Paragraph 115.

116. Defendant denies the allegation stated in Paragraph 116.

117. Defendant denies the allegation set forth in Paragraph 117.

118. Defendant denies the allegation set forth in Paragraph 118.

119. Defendant denies the allegation as stated in Paragraph 119 but admits that it initially did request a response from Plaintiff on January 9, 2023.

120. Defendant admits that Plaintiff requested additional time in which to make a decision, and the City agreed.

121. Defendant denies the allegation set forth in Paragraph 121.

122. Defendant denies the allegation set forth in Paragraph 122.

123. Defendant admits the allegation set forth in Paragraph 123.

124. Defendant denies the first phrase of Paragraph 124, and is without information to admit or deny the allegation set forth in Paragraph 124, and therefore denies same.

125. Defendant admits the allegation set forth in Paragraph 125 except that the short-term disability began on January 10, not January 9, 2023.

126. Defendant denies the allegation set forth in Paragraph 126.

127. Defendant admits that Plaintiff spoke with Mr. Haley as alleged in Paragraph 127 but denies the date alleged.

128. Defendant denies the allegation set forth in Paragraph 128.

129. Defendant admits the allegation set forth in Paragraph 129.

130. Defendant denies the allegation set forth in Paragraph 130.

131. Defendant denies the allegation set forth in Paragraph 131.

132. Defendant admits that Ms. Wilcox requested the meeting as alleged in Paragraph 132, but she offered some flexibility about the timing.

133. Defendant denies the allegation as stated in Paragraph 133.

134. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 134, and therefore denies same, but Defendant admits that Ms. Wilcox emailed her concerning her return to work.

135. Defendant admits the allegations set forth in Paragraph 135, except that the change to the Friday crisis rotation was to be temporary.

136. Defendant admits the allegation set forth in Paragraph 136.

137. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 137, and therefore denies same.

138. Defendant admits the allegation set forth in Paragraph 138.

139. Defendant admits that Plaintiff was told that she would need to wait until the next person comes on board before there would be an opportunity to change her crisis day, as had been the case on previous occasions on which Plaintiff was given the opportunity to change her crisis day. Defendant denies the remaining allegation set forth in Paragraph 139.

140. Defendant admits the allegation set forth in Paragraph 140.

141. Defendant admits that Plaintiff's request was denied due to staffing issue, and is without sufficient information at this time to admit or deny the remaining allegations, and therefore denies same.

142. Defendant denies the allegation set forth in Paragraph 143.

143. Defendant admits that Plaintiff sent the email as alleged, but denies that Ms. Wilcox promised any change in schedule on April 11, 2023.

144. Defendant admits that Ms. Wilcox denied Plaintiff's request for staffing purposes, but denies the remaining allegations set forth in Paragraph 144.

145. Defendant admits the allegation set forth in Paragraph 145.

146. Defendant denies the allegation set forth in Paragraph 146.

147. Defendant admits that Ms. Wilcox shared that she was working on a solution for changing Plaintiff's assigned crisis day, but she also said she could not accommodate her request to change evenings.

148. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 148, and therefore denies same.

149. Defendant admits that Plaintiff emailed Mr. Haley on April 25, 2023, but denies that she stated anything other than she would like to meet with him.

150. Defendant denies the allegation set forth in Paragraph 150.

151. Defendant denies the allegation set forth in Paragraph 151.

152. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 152, and therefore denies same.

153. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 153, and therefore denies same.

154. Defendant denies the allegation set forth in Paragraph 154.

155. Defendant denies the allegation set forth in Paragraph 155.

156. Defendant admits the allegation set forth in Paragraph 156 as to a change in Plaintiff's crisis day, but denies that there was no agreement to an evening shift change.

157. Defendant admits the allegations set forth in Paragraph 157, but denies the allegations set forth in the footnote thereto.

158. Defendant admits the allegation set forth in Paragraph 158 insofar as it relates to a change in Plaintiff's crisis day but denies that the schedule change included a change for evenings.

159. Defendant admits the allegation set forth in Paragraph 159 but notes that the schedule change was to Plaintiff's crisis day only.

160. Defendant admits the allegation set forth in Paragraph 160.

161. Defendant admits the allegation set forth in Paragraph 161.

162. Defendant denies that Ms. Wilcox promised a change to Plaintiff's evening schedule, and admits the remaining allegation set forth in Paragraph 162, and therefore denies same.

163. Defendant admits that Plaintiff unilaterally changed her schedule, but denies that Ms. D'Imperio worked with her toward the new schedule as alleged in Paragraph 163.

164. Defendant denies the allegation set forth in Paragraph 164.

165. Defendant admits the allegation set forth in Paragraph 165.

166. Defendant denies the allegation set forth in Paragraph 166.

167. Defendant denies the allegation set forth in Paragraph 167.

168. Defendant denies the allegation set forth in Paragraph 168.

169. Defendant admits that Plaintiff emailed Ms. Wilcox as alleged, but denies that Ms. Wilcox mischaracterized their prior scheduling discussions.

170. Defendant admits the allegation set forth in Paragraph 170, but denies the statement alleged in the footnote thereto, as the individuals referred to had scheduled vacation and expected FMLA leave.

171. Defendant denies the allegation set forth in Paragraph 171.

172. Defendant denies the allegations set forth in Paragraph 172.

173. Defendant denies the allegation set forth in Paragraph 173.

174. Defendant denies the allegations set forth in Paragraph 174.

175. Defendant denies the allegation as set forth in Paragraph 175, but admits that Ms. Wilcox did state that refusing to follow a supervisor's instruction is insubordinate.

176. Defendant admits the allegation set forth in Paragraph 176.

177. Defendant admits that Plaintiff forwarded the email as alleged, but denies its content or the remaining allegation set forth in Paragraph 177.

178. Defendant denies the allegation set forth in Paragraph 178.

179. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 179, but denies the suggestion that Ms. Wilcox was made aware of the condition or saw a monitor at any time before June 2023, when Plaintiff again requested short-term disability leave.

180. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 180.

181. Defendant admits the allegation set forth in Paragraph 181.

182. Defendant admits the allegation set forth in Paragraph 182.

183. Defendant denies the allegation set forth in Paragraph 183.

184. Defendant denies the allegations set forth in Paragraph 184, but admits that Ms. Wilcox stated that Plaintiff could not simply tell her what Plaintiff will and will not do about her schedule and keep her job.

185. Defendant admits that Plaintiff sent an email to Mr. Haley on May 31, 2023.

186. Defendant admits to the email as described in Paragraph 186, but denies its contents.

187. Defendant admits that Plaintiff spoke to Mr. Haley as alleged, but denies the remaining allegations set forth in Paragraph 187.

188. Defendant denies that Plaintiff referenced a cardiac condition during the call, but admits that Plaintiff alleged harassment and retaliation.

189. Plaintiff admits the allegation set forth in Paragraph 189, but denies the characterization contained therein.

190. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 190, and therefore denies same. Defendant denies the allegation of causation set forth in Paragraph 190.

191. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 191, but denies that Defendant suggested that she must come into the office or work on the date of the alleged medical event.

192. Defendant admits that Plaintiff was not permitted to make up time, but denies the further allegations set forth in Paragraph 192.

193. Defendant admits that Plaintiff was asked to use her vacation leave time, as the pay period was ending.

194. Defendant admits that Plaintiff perfected the Charge on June 2, 2023 by signing it, but notes that the City was not aware of it until after that point.

195. Defendant admits the allegation set forth in Paragraph 195.

196. Defendant admits the allegation set forth in Paragraph 196.

197. Defendant admits the allegation set forth in Paragraph 197.

198. Defendant admits the allegation set forth in Paragraph 198, but notes that the response from Mr. Haley was approximately 1.5 hours after emails from Plaintiff at 4:29, 4:30 and 4:44pm on a Friday.

199. Defendant denies the characterization of the memorandum referenced in Paragraph 199, but admits the remaining allegation therein.

200. Defendant admits the allegation stated in Paragraph 200, but notes that, on the following day, Mr. Haley forwarded an email to Plaintiff correcting the error and clarifying that Plaintiff need not appear in the office for the Wednesday staff meetings.

201. Defendant admits the allegation set forth in Paragraph 201, but notes, as set forth in its response to Paragraph 196, that the initial directive regarding Wednesday staff meetings was in error.

202. Defendant admits the allegation set forth in Paragraph 202, but notes that, on the following day, Mr. Haley forwarded an email to Plaintiff correcting the error and clarifying that Plaintiff need not work in the office during Friday crisis shifts.

203. Defendant admits the allegation as stated in Paragraph 203, but notes that Mr. Heley forwarded an email to Plaintiff the following day correcting the error and clarifying the directive as noted above.

204. Defendant admits the allegation stated in Paragraph 204.

205. Defendant admits the allegation set forth in Paragraph 205, and notes that all therapists must maintain afternoon/evening availability sufficient to schedule 15 client meetings, but are not responsible for conducting 15 meetings if they have been assigned fewer than 15

families at the time. Therapists are also not held responsible for cancellations or no-shows so long as they are communicating appropriately with the families.

206. Defendant denies the allegations set forth in Paragraph 206. See answer to Paragraph 205 above.

207. Defendant admits the allegation set forth in Paragraph 207.

208. Defendant admits the allegation set forth in Paragraph 208.

209. Defendant admits the allegation set forth in Paragraph 209.

210. Defendant admits that Plaintiff made the allegation set forth in Paragraph 210, but denies the allegation itself.

211. Defendant admits that Plaintiff made the allegation set forth in Paragraph 211, but denies the allegation itself.

212. Defendant admits that Plaintiff made the allegation set forth in Paragraph 212, but denies the allegation itself.

213. Defendant admits that Plaintiff made the allegation set forth in Paragraph 213, but denies the allegation itself.

214. Defendant admits the allegation set forth in Paragraph 214.

215. Defendant admits the allegation set forth in Paragraph 215.

216. Defendant denies the allegation set forth in Paragraph 216.

217. Defendant denies the allegation set forth in Paragraph 217.

218. Defendant denies the allegation set forth in Paragraph 218.

219. Defendant admits the allegation set forth in Paragraph 219.

220. Defendant admits that Plaintiff made the allegations set forth in Paragraph 220, admits that Mr. Haley's memorandum included errors regarding in-person attendance at

Wednesday staff meetings and Friday crisis shifts, but denies the remaining allegations set forth in Paragraph 220.

221. Defendant denies the allegation set forth in Paragraph 221 as Mr. Haley had already emailed Plaintiff correcting his miscommunication regarding in-person attendance at Wednesday staff meetings and Friday crisis shifts, but admits the remaining allegation set forth in Paragraph 221.

222. Defendant denies the allegation set forth in Paragraph 222, as Plaintiff's email referred to discrete instances in which therapists exchanged shifts, as she had, and not standard scheduling practices.

223. Defendant admits that Plaintiff made the allegations set forth in Paragraph 223, but denies the allegations themselves.

224. Defendant admits the allegation set forth in Paragraph 224, except the allegation that Mr. Haley cut the call short.

225. Defendant admits the allegation set forth in Paragraph 225.

226. Defendant admits the allegation set forth in Paragraph 226.

227. Defendant admits the allegation set forth in Paragraph 227.

228. Defendant admits the allegation set forth in Paragraph 228.

229. Defendant admits that Plaintiff made the allegation set forth in Paragraph 229 but denies the allegation itself.

230. Defendant admits the allegation set forth in Paragraph 230.

231. Defendant admits the allegation in the first sentence of Paragraph 231, but denies the allegation set forth in the second sentence.

232. Defendant admits that Ms. Wilcox scheduled Plaintiff's annual performance review for June 12, 2023, but denies the further allegations set forth in Paragraph 232, including

the insinuation that Ms. Wilcox scheduled the evaluation due to Plaintiff's Charge; Ms. Wilcox was not made aware of the Charge until after June 14, 2023, after the performance evaluation had been written and presented.

233. Defendant admits the allegation set forth in Paragraph 234.

234. Defendant admits the allegations set forth in Paragraph 234 with the exception that any of the comments were without basis.

235. Defendant denies the allegation set forth in Paragraph 235.

236. Defendant denies the allegation set forth in Paragraph 236.

237. Defendant admits the allegation set forth in Paragraph 237, but notes that Plaintiff was never criticized or questioned for any issue related to medical appointments.

238. Defendant denies the allegation set forth in Paragraph 238.

239. Defendant denies the allegation set forth in Paragraph 239.

240. Defendant admits that Plaintiff was not rated in the area of groups because there were limited opportunities for rating for this metric, but denies that Ms. Wilcox "refused" to rate her; it was to Plaintiff's benefit that this measure not be included in Plaintiff's evaluation.

241. Defendant admits that Plaintiff conducted the two groups referenced, but denies the remaining allegations in Paragraph 241.

242. Defendant denies the allegation set forth in Paragraph 242, as it references a manualized lecture on-line with two people with limited opportunities for interaction.

243. Defendant admits to the certificate, but denies the further allegations in Paragraph 243.

244. Defendant denies the allegation set forth in Paragraph 244.

245. Defendant denies the allegation set forth in Paragraph 245.

246. Defendant denies the allegation set forth in Paragraph 246.

247. Defendant admits to the merit and cost of living increases referenced, but denies that Ms. Wilcox “issued” these changes, as she does not decide these matters.

248. Defendant admits that Plaintiff was placed on a performance improvement plan, but denies the remaining allegation in Paragraph 248.

249. Defendant admits that Plaintiff made the allegations set forth in Paragraph 249, but denies the allegations themselves.

250. Defendant admits the allegation set forth in Paragraph 250, but denies that the call from Mr. Haley was late in any way.

251. Defendant admits that Plaintiff made the allegations set forth in Paragraph 251, but denies the allegations themselves.

252. Defendant admits that Plaintiff made the allegations set forth in Paragraph 252, but denies the allegations themselves.

253. Defendant admits the allegation set forth in Paragraph 253.

254. Defendant denies the allegation set forth in the first sentence of Paragraph 254, but admits the allegation in the second sentence.

255. Defendant admits the allegation set forth in Paragraph 255.

256. Defendant admits the allegation set forth in Paragraph 256.

257. Defendant admits that Plaintiff made the allegation set forth in Paragraph 257, but denies the allegation itself.

258. Defendant admits the allegation set forth in Paragraph 258, but denies the allegation that Mr. Haley did not respond.

259. Defendant admits the allegation set forth in Paragraph 259.

260. Defendant admits the allegation set forth in Paragraph 260.

261. Defendant denies the allegation set forth in Paragraph 261.

262. Defendant denies the allegation set forth in Paragraph 262.

263. Defendant denies the allegation set forth in Paragraph 263, as Ms. Wilcox was not made aware of Plaintiff's report of a cardiac condition until several weeks later.

264. Defendant denies the allegations set forth in Paragraph 264.

265. Defendant admits to the allegation set forth in Paragraph 265.

266. Defendant denies the allegations set forth in Paragraph 266.

267. Defendant admits the allegation set forth in Paragraph 267, but denies that Plaintiff's email included an accurate recap of the interaction.

268. Defendant admits the allegation in the first sentence of Paragraph 268, but denies the allegation in the second sentence.

269. Defendant admits that Plaintiff emailed that she was leaving due to a medical issue, but denies it was aware of the nature thereof and denies the allegation set forth in the footnote to Paragraph 269.

270. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 270, and therefore denies same.

271. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 271, and therefore denies same.

272. Defendant denies the allegation set forth in Paragraph 272.

273. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 273, and therefore denies same.

274. Defendant admits the allegations set forth in Paragraph 274, but denies that Human Resources did not send her the application until June 23, 2023; in fact, Defendant sent her the short-term application on June 20, 2023.

275. Defendant admits the allegation set forth in Paragraph 275.

276. Defendant admits the allegation set forth in Paragraph 276.

277. Defendant admits the allegation set forth in Paragraph 277.

278. Defendant admits the allegation set forth in Paragraph 278.

279. Defendant denies the allegation set forth in Paragraph 279; while Plaintiff stated in an email that she was attaching the form, the form was not attached.

280. Defendant admits the allegation set forth in Paragraph 280.

281. Defendant admits that Plaintiff emailed as alleged in Paragraph 281.

282. Defendant admits that Plaintiff sent the email as set forth in Paragraph 282, but denies that she never received a response.

283. Defendant denies the allegation set forth in Paragraph 283, as her request for short-term disability leave was delayed by her failure to submit appropriate documentation and the requests for additional information from Plaintiff's doctor was ignored.

284. Defendant denies the allegations set forth in Paragraph 284, except for the allegation concerning her personal finances, about which Defendant has insufficient information at this time to admit or deny, and so denies same.

285. Defendant admits the allegation set forth in Paragraph 285, but denies that the post related to Plaintiff's position; it was to fill a position that had been vacated by another employee.

286. Defendant admits the allegation set forth in Paragraph 286 of the Complaint.

287. Defendant admits the allegation set forth in Paragraph 287 of the Complaint.

288. Defendant denies the allegation set forth in Paragraph 288, as it was determined that Plaintiff did not have the particular condition alleged, and ultimately she was cleared to return to work without restriction.

289. Defendant admits the allegation set forth in Paragraph 289.

290. Defendant admits the allegation set forth in Paragraph 290.

291. Defendant admits the allegation set forth in Paragraph 291.

292. Defendant admits the allegation set forth in Paragraph 292.

293. Defendant admits the allegation set forth in Paragraph 293.

294. Defendant admits the allegation set forth in Paragraph 294.

295. Defendant admits the allegation set forth in Paragraph 295.

296. Defendant admits to the allegation set forth in Paragraph 296, except that it denies the allegation set forth in the footnote thereto.

297. Defendant admits to the allegation set forth in Paragraph 297.

298. Defendant denies the allegation set forth in Paragraph 298, as Defendant routinely sends employees for fitness for duty exams when there is concern about a medical condition. In this case, Plaintiff was returning from leave after having submitted that she had a condition that could lead to sudden death.

299. Defendant admits the allegation set forth in Paragraph 299.

300. Defendant admits the allegation set forth in Paragraph 300.

301. Defendant denies the allegation set forth in Paragraph 301.

302. Defendant admits the allegations set forth in Paragraph 302.

303. Defendant denies the allegation set forth in Paragraph 303

304. Defendant denies the allegation set forth in Paragraph 304.

305. Defendant is without information at this time to admit or deny the allegation set forth in Paragraph 305, and therefore denies same.

306. Defendant admits that Plaintiff received paid administrative leave, but denies the remaining allegations set forth in Paragraph 306.

307. Defendant admits the allegation set forth in Paragraph 307.

308. Defendant denies the allegation set forth in Paragraph 308.

309. Defendant admits the allegation set forth in Paragraph 309.

310. Defendant denies the allegation set forth in Paragraph 310.

311. Defendant denies the allegation set forth in Paragraph 311.

312. Defendant denies the allegation set forth in Paragraph 312.

313. Defendant denies the allegation set forth in Paragraph 313.

314. Defendant denies that Plaintiff received a cryptic email with a veiled threat, and is without sufficient information at this time to admit or deny the remaining allegations in Paragraph 314, and therefore denies same.

315. Defendant admits that PIP meetings occurred, but denies the remaining allegations set forth in Paragraph 315.

316. Defendant denies the allegations set forth in Paragraph 316.

317. Defendant denies the allegation as stated in Paragraph 317.

318. Defendant denies the allegation as stated in Paragraph 318.

319. Defendant denies the allegation as stated in Paragraph 319.

320. Defendant denies the allegation set forth in Paragraph 320.

321. Defendant denies the allegation set forth in Paragraph 321.

322. Defendant denies the allegation set forth in Paragraph 322.

323. Defendant denies the allegation set forth in Paragraph 323.

324. Defendant denies the allegation set forth in Paragraph 324.

325. Defendant admits the allegations set forth in Paragraph 325 of the Complaint.

326. Defendant denies the allegations set forth in Paragraph 326 of the Complaint.

327. Defendant denies the allegations set forth in Paragraph 327 of the Complaint.

328. Defendant denies the allegations set forth in Paragraph 328 of the Complaint.

329. Defendant incorporates herein its answers to Paragraphs 1-328 above.

330. Defendant admits the allegation set forth in Paragraph 330.

331. Defendant admits that Paragraph 331 includes an accurate statement of law but reserves the right to deny Plaintiff's allegation of the application of the law to the alleged facts as stated.

332. Defendant denies the allegation set forth in Paragraph 332 because Plaintiff could not perform the functions of her position via 100% telework, as she demanded, without undue hardship on the agency or its clients. The agency cannot reasonably accommodate this request on a long-term basis because it reasonably deems teletherapy to be inferior to in-person therapy for group therapy or for children and teenagers, as therapeutic conditions cannot be monitored. The pandemic at times left the agency with no other options, but that is no longer the case.

333. Defendant denies the allegation set forth in Paragraph 333.

334. Defendant denies the allegation set forth in Paragraph 334.

335. Defendant denies the allegation set forth in Paragraph 335.

336. Defendant denies the allegation set forth in Paragraph 336.

337. Defendant admits that Paragraph 337 includes an accurate statement of law but denies the facts alleged therein and Plaintiff's allegation regarding the application of the law to her claims.

338. Defendant admits the allegation in the first sentence of Paragraph 338, but denies the allegation set forth in the second sentence.

339. Defendant incorporates herein its answers to Paragraphs 1 through 338 set forth above.

340. Defendant admits the allegation set forth in Paragraph 340.

341. Defendant admits that Paragraph 341 includes an accurate statement of law but reserves the right to deny Plaintiff's allegation of the application of the law to the alleged facts as stated.

342. Plaintiff admits the allegation stated in Paragraph 342.

343. Defendant denies the allegation set forth in Paragraph 343.

344. Defendant denies the allegation set forth in Paragraph 344.

345. Defendant admits the allegation set forth in Paragraph 345.

346. Defendant denies the allegation set forth in Paragraph 346.

347. Defendant admits the allegation set forth in Paragraph 347.

348. Defendant admits the allegation set forth in the first sentence of Paragraph 348, but denies the allegation set forth in the second sentence.

349. Defendant incorporates herein its answers to Paragraphs 1 though 348 as set forth above.

350. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 350, and therefore denies same.

351. Defendant denies the allegation set forth in Paragraph 351 and incorporates herein its answer to Paragraph 332 above.

352. Defendant admits that it was aware of Plaintiff's foot injury but denies that it was aware of Plaintiff's alleged second disability at all pertinent times.

353. Defendant denies the allegation set forth in Paragraph 353.

354. Defendant denies he allegation set forth in Paragraph 354 and incorporates herein its answer to Paragraph 332 above.

355. Defendant denies the allegation set forth in Paragraph 355.

356. Defendant denies the allegation set forth in Paragraph 356.

357. Defendant denies the allegation set forth in Paragraph 357.

358. Defendant denies the allegation set forth in Paragraph 358.

359. Defendant denies the allegation set forth in Paragraph 359.

360. Defendant denies the allegation set forth in Paragraph 360.

361. Defendant adopts and incorporates herein its answers to Paragraphs 1 through 360 above.

362. Defendant admits the allegation set forth in Paragraph 362.

363. Defendant admits the allegation set forth in Paragraph 363.

364. Defendant admits the allegation set forth in Paragraph 364.

365. Defendant admits to the statement of law set forth in Paragraph 365, but is without sufficient information at this time to admit or deny the remaining allegations therein.

366. Defendant denies the allegation set forth in Paragraph 366 and adopts and incorporates herein its answer to Paragraph 332 above.

367. Defendant denies the allegations set forth in Paragraph 367.

368. Defendant denies the allegations set forth in Paragraph 368.

369. Defendant denies the allegation set forth in Paragraph 369.

370. Defendant denies the allegation set forth in Paragraph 370.

371. Defendant admits the allegation set forth in Paragraph 371.

372. Defendant admits the allegation set forth in Paragraph 372.

373. Defendant adopts and incorporates herein its answers to Paragraphs 1 through 372 above.

374. Defendant admits the allegation set forth in Paragraph 374.

375. Defendant denies the allegation set forth in Paragraph 375.

376. Defendant denies the allegation set forth in Paragraph 376.

377. Defendant admits the allegation set forth in Paragraph 377.

378. Defendant denies the allegation set forth in Paragraph 378.

379. Defendant admits the allegation set forth in Paragraph 379.

380. Defendant admits the allegation set forth in Paragraph 380.

381. Defendant incorporates by reference its response to paragraphs 1 through 380 as set forth above.

382. Defendant admits the allegations set forth in Paragraph 382 of the Complaint.

383. Defendant admits the allegations set forth in Paragraph 383 of the Complaint.

384. Paragraph 384 sets forth a legal conclusion to which no response is warranted.

385. Defendant denies the allegations set forth in Paragraph 385 of the Complaint.

386. Defendant denies the allegations set forth in Paragraph 386 of the Complaint.

387. Defendant denies the allegations set forth in Paragraph 387 of the Complaint.

388. Defendant denies the allegations set forth in Paragraph 388 of the Complaint.

389. Defendant denies the allegations set forth in Paragraph 389 of the Complaint.

390. Defendant denies the allegations set forth in Paragraph 390 of the Complaint.

391. Defendant denies the allegations set forth in Paragraph 391 of the Complaint.

392. Paragraph 392 sets forth a legal conclusion to which no response is warranted.

393. Defendant incorporates by reference its response to paragraphs 1 through 392 as set forth above.

394. Defendant admits the allegations set forth in Paragraph 394 of the Complaint.

395. Defendant admits the allegations set forth in Paragraph 395 of the Complaint.

396. Paragraph 396 sets forth a legal conclusion to which no response is warranted.

397. Defendant denies the allegations set forth in Paragraph 397 of the Complaint.

398. Defendant denies the allegations set forth in Paragraph 398 of the Complaint.

399. Defendant denies the allegations set forth in Paragraph 399 of the Complaint.

400. Defendant denies the allegations set forth in Paragraph 400 of the Complaint.

401. Defendant denies the allegations set forth in Paragraph 401 of the Complaint.

402. Defendant denies the allegations set forth in Paragraph 402 of the Complaint.

403. Paragraph 403 sets forth a legal conclusion to which no response is warranted.

404. Defendant incorporates by reference its response to paragraphs 1 through 403 as set forth above.

405. Defendant admits the allegations set forth in Paragraph 405 of the Complaint.

406. Defendant admits the allegations set forth in Paragraph 406 of the Complaint.

407. Paragraph 407 sets forth a legal conclusion to which no response is warranted.

408. Defendant denies the allegations set forth in Paragraph 408 of the Complaint.

409. Defendant denies the allegations set forth in Paragraph 409 of the Complaint.

410. Defendant denies the allegations set forth in Paragraph 410 of the Complaint.

411. Defendant denies the allegations set forth in Paragraph 411 of the Complaint.

412. Defendant denies the allegations set forth in Paragraph 412 of the Complaint.

413. Defendant denies the allegations set forth in Paragraph 413 of the Complaint.

414. Defendant denies the allegations set forth in Paragraph 414 of the Complaint.

415. Paragraph 415 sets forth a legal conclusion to which no response is warranted.

416. Defendant incorporates by reference its response to paragraphs 1 through 415 as set forth above.

417. Defendant admits the allegations set forth in Paragraph 417 of the Complaint.

418. Defendant admits the allegations set forth in Paragraph 418 of the Complaint.

419. Paragraph 419 sets forth a legal conclusion to which no response is warranted.

420. Defendant denies the allegations set forth in Paragraph 420 of the Complaint.

421. Defendant denies the allegations set forth in Paragraph 421 of the Complaint.

422. Defendant denies the allegations set forth in Paragraph 422 of the Complaint.

423. Defendant denies the allegations set forth in Paragraph 423 of the Complaint.

424. Defendant denies the allegations set forth in Paragraph 424 of the Complaint.

425. Defendant denies the allegations set forth in Paragraph 425 of the Complaint.

426. Paragraph 426 sets forth a legal conclusion to which no response is warranted.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant makes no concession that the matters covered thereby are to be proved by them, and in fact, posit that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint. Moreover, Defendant generally denies liability as to all claims asserted in the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent that the Complaint, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they concern matters on which Plaintiff failed to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are outside of the scope of the applicable statutes of limitations and/or based on the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not alleged sufficient facts to show, nor can she prove, that the reasons proffered by Defendant for its actions toward her were pretextual, discriminatory, and/or retaliatory.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because all decisions and any conduct with respect to his employment were made by Defendant for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons, and there is no basis for any claim against Defendant by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not been injured within the meaning of the applicable law or suffered legally cognizable damages as a result of Defendant's acts or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a basis for recovery of damages from Defendant, and therefore cannot recover from Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate her alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's conduct, at all times relevant to the Complaint, was lawful and justified.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred based on immunity, including but not limited to governmental immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff was injured and damaged as alleged, such injuries and damages were the result of a person or persons, entity or entities other than Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Even if, arguendo, Defendant could otherwise be held liable, Plaintiff's injuries and damages, if any, resulted from or were caused by intervening and/or superceding causes not attributable to the Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the defense of privilege and qualified privilege.

**FOURTEENTH AFFIMATIVE DEFENSE**

The Complaint is barred by immunity and qualified immunity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant states it is a local government and self-insured and relies on the provisions of MD. CODE ANN., CTS. AND JUD. PROC. § 5-303, and should judgment be entered in excess of $400,000.00, then damages must be capped at $400,000.00 pursuant to statute.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant raises the defenses set forth in Maryland Rule 2-323 as if each defense was set forth fully herein.

**RESERVATION**

Defendant expressly reserves the right to amend this Answer and to assert additional affirmative or negative defenses upon discovery of additional or more definitive facts.

Respectfully submitted,

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (1412170197)
Brandy J. Gray (0406150058)
Semmes, Bowen & Semmes
250 W. Pratt St. Suite 1900
Baltimore, Maryland 21201
PH: (410) 539-5040
FX: (410) 539-5223
mmccloskey@semmes.com
bgray@semmes.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July, 2025, a copy of the foregoing Answer to Amended Complaint was served electronically and/or mailed via first-class mail, postage prepaid, to:

Cori Cohen, Esquire
Gilbert Employment Law, P.C.
8403 Colesville Rd., Ste. 1000
Silver Spring, MD 20910
(301) 608-0880
(301) 608-0881 fax
ccohen@gelawyer.com
*Attorneys for Plaintiff*

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (1412170197)