E-FILED; Prince George's Circuit Court
Docket: 12/12/2024 1:09 PM; Submission: 12/12/2024 1:09 PM
Envelope: 19160832

C-16-CV-24-003181
ET

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH, | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| CITY OF BOWIE, | * | PRINCE GEORGE'S COUNTY |
| Defendant | * | CASE NO. C-16-CV-24-003181 |

* * * * * * * * * * * * *

# ANSWER

Defendant, City of Bowie ("the City"), by its attorneys, Kimberly L. Limbrick and Crosswhite, Limbrick & Sinclair, LLP, pursuant to Maryland Rule 2-323, answers the Complaint and Jury Demand ("Complaint") as set forth below and, in response to the individual paragraphs contained therein, asserts as follows:

## RESPONSES TO ALLEGATIONS

1. Paragraph 1 of the Complaint sets forth the alleged legal bases for Plaintiff's claims. Defendant admits that Plaintiff has asserted such claims, but denies that they are viable claims and that the City is liable to Plaintiff.

2. Defendant admits the allegation set forth in Paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits the allegations set forth in Paragraph 13, but notes that Plaintiff's score for 2021-22 was lower than that for 2020-21.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff injured her foot and that she was granted leave for the injury. Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 16, and therefore denies same.

17. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 17, and therefore denies same.

18. Defendant denies the allegation set forth in Paragraph 18, as Plaintiff notified Ms. Wilcox the same day as the injury, and Ms. Wilcox offered her two weeks of telework without a doctor's note.

19. Defendant denies the allegation set forth in Paragraph 19, but admits that Plaintiff was offered two weeks of telework.

20. Defendant is without sufficient information to admit or deny the allegations as stated in Paragraph 20 of the Complaint, and therefore denies same. Defendant admits that staff members conducted therapy remotely through the initial portion of the pandemic and during a subsequent spike in transmission, but it determined that teletherapy was not the best mode of treatment for small children or for most families.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff continued to conduct client sessions as telehealth sessions, but she was the only counselor who was seeing most clients remotely and, by the time she returned from her short-term disability leave in April 2023, almost all families were seen in person.

23. Defendant denies the allegations as stated in in Paragraph 23 of the Complaint and related footnote.

24. Defendant admits that Ms. Wilcox granted Plaintiff two weeks of telework, but denies the remaining allegations as stated in Paragraph 24, as Plaintiff stated on several occasions after the foot injury that she wanted to do the group sessions.

25. Defendant denies the allegations as stated in Paragraph 25, as the agency arranged transportation for Plaintiff.

26. Defendant denies the allegations as stated in Paragraph 26, as Ms. Wilcox's efforts allowed Plaintiff to complete the job requirement for the group sessions.

27. Defendant denies the allegations as stated in Paragraph 27 and notes that Plaintiff never voiced any reservations about the task nor did she request rescheduling.

28. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 28, and therefore denies same.

29. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 39, and therefore denies same.

30. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 30, and therefore deny same.

31. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 31 of the Complaint, and therefore denies same.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant admits that Plaintiff may have run the group, but denies the remaining allegations in Paragraph 33, as Plaintiff never asked to stop running the group and, in fact, complained when she was later removed from the group.

34. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 34, and therefore denies same.

35. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 35, and therefore denies same.

36. Defendant admits that Ms. Wilcox suggested that Plaintiff take short-term disability leave, but denies the remaining allegations as stated in Paragraph 26.

37. Defendant admits that Plaintiff wanted 100% telework, as alleged in Paragraph 27. Defendant is without sufficient information at this time to admit or deny the allegation concerning Plaintiff's personal finances, and so denies same. Defendant denies that Plaintiff's job responsibilities could be fulfilled via 100% telework.

38. Defendant denies the allegations set forth in Paragraph 38.

39. Defendant admits the allegations set forth in Paragraph 39.

40. Defendant admits that the note referenced in Paragraph 40 identified the date of injury as September 30, 2022, but denies that it deemed 100% telework to be the only way in which Plaintiff could continue to work.

41. Defendant admits to the allegations set forth in Paragraph 41, except it denies the characterization of Ms. Wilcox's invitation to Plaintiff to submit a more clear note as a demand.

42. Defendant is without sufficient information at this time to admit or deny the characterization in Paragraph 42 of the podiatrists state of mind, and therefore denies same. Defendant denies receipt of multiple iterations of letters from the podiatrist, as it received the initial note on October 11, 2022 and a single additional note on October 19, 2022.

43. Defendant denies the allegations set forth in Paragraph 43. See response to Paragraph 42 above.

44. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 44, and therefore denies same.

45. Defendant denies the allegations set forth in Paragraph 45, but admits that Ms. Wilcox offered Plaintiff short-term disability leave and explained in detail why 100% telework was not a workable solution for an extended period of time.

46. Defendant admits that Plaintiff insisted on 100% telework but denies that Plaintiff could perform her essential job functions via 100% telework.

47. Defendant denies the allegations set forth in Paragraph 47, as Plaintiff insisted on 100% telework.

48. Defendant denies the allegations set forth in Paragraph 48, except that it admits that Ms. Wilcox sent Plaintiff an email on October 19, 2022 detailing the reasons why she could not perform her essential job duties via 100% telework for an extended period of time.

49. Defendant admits the allegations in Paragraph 49 to the extent that it offered Plaintiff short-term disability leave and explained the reasons Defendant could not offer her 100% telework for an extended period, but denies the characterization that it involuntarily placed her on leave.

50. Defendant denies the allegation as to what Ms. Wilcox knew about when Plaintiff would view the email, but admits the remaining allegations set forth in Paragraph 50.

51. Defendant admits that Plaintiff responded to the Ms. Wilcox's email, but denies the remaining allegations in Paragraph 51 as Plaintiff insisted that 100% telework was the only accommodation that would allow her to continue to work.

52. Defendant admits the allegations set forth in Paragraph 52.

53. Defendant admits the allegation set forth in Paragraph 53.

54. Defendant admits the allegation set forth in Paragraph 54.

55. Defendant denies the allegation set forth in Paragraph 55.

56. Defendant admits the allegation set forth in Paragraph 56.

57. Defendant denies that Plaintiff attempted to engage in a dialogue, but admits the remaining allegations set forth in Paragraph 57 of the Complaint.

58. Defendant admits the allegation set forth in Paragraph 58.

59. Defendant admits the allegations set forth in Paragraph 59, but notes that the Charge was not perfected. The perfected Charge was received by Defendant on June 2, 2023.

60. Defendant denies the allegations set forth in Paragraph 60.

61. Defendant denies the allegations set forth in Paragraph 61.

62. Defendant denies the allegations set forth in Paragraph 62, except that it admits that Ms. Wilcox tried to schedule a meeting with Plaintiff on Monday, October 24, 2022, a day on which Plaintiff was not on vacation. Defendant further admits that Monday was not a routine workday for Plaintiff, though she did occasionally work on Mondays.

63. Defendant denies the allegation set forth in Paragraph 63, but admits that Monday was not a routine workday for Plaintiff, though she did occasionally work on Mondays.

64. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 64, and therefore denies same.

65. Defendant admits that the meeting took place at 3pm on October 24, 2022, but denies the remaining allegations set forth in Paragraph 65.

66. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 66, but denies that Plaintiff had arranged to take a vacation day

on October 24, 2022 and notes that she previously communicated that wedding she was attending was local.

67. Defendant admits the allegation set forth in Paragraph 67.

68. Defendant admits that allegation set forth in Paragraph, and notes that, as an accommodation, Plaintiff was permitted to work 7.5 more hours of telework than any other therapist.

69. Plaintiff denies the allegation set forth in Paragraph 69.

70. Defendant denies the allegation set forth in Paragraph 70.

71. Defendant denies the allegation set forth in Paragraph 71.

72. Defendant denies the allegation set forth in Paragraph 72.

73. Defendant admits the first statement in Paragraph 73 and is without sufficient information to admit or deny the second statement, and therefore denies same.

74. Defendant denies the allegation set forth in Paragraph 74.

75. Defendant denies the allegation set forth in Paragraph 75.

76. Defendant admits the allegation set forth in Paragraph 76.

77. Defendant admits that Plaintiff made the allegations described in Paragraph 77, but denies that those allegations were or are accurate.

78. Defendant is without sufficient information to admit or deny the allegations in Paragraph 78 regarding Mr. Haley's statements, and therefore denies same, and denies that the allegations concerning Ms. Wilcox.

79. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 79.

80. Defendant admits that Plaintiff forwarded a number of emails to Mr. Haley and is without sufficient information to admit or deny the remaining allegation in Paragraph 80, and therefore denies same.

81. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 81, and therefore denies same.

82. Defendant denies the allegation set forth in Paragraph 82.

83. Defendant denies the allegation set forth in Paragraph 83.

84. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 84, and therefore denies same.

85. Defendant denies the allegation set forth in Paragraph 85.

86. Defendant admits that the attendance of staff is voluntary as alleged in Paragraph 86 and is without sufficient information at this time to admit or deny the remaining allegation, and therefore denies same.

87. Defendant denies the allegation as set forth in Paragraph 87 of the Complaint.

88. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 88, and therefore denies same.

89. Defendant is without sufficient information at this time to admit or dney the allegation set forth in Paragraph 89, and therefore denies same.

90. Defendant denies the allegation set forth in Paragraph 90.

91. Defendant denies the allegation set forth in Paragraph 91.

92. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 92, and therefore denies same.

93. Defendant denies the allegation set forth in Paragraph 93 of the Complaint.

94. Defendant admits that Plaintiff attended the party and is without sufficient information at this time to admit or deny the remaining allegations set forth in Paragraph 94, and therefore denies same.

95. Defendant denies the allegation set forth in Paragraph 95.

96. Defendant admits that Ms. Wilcox informed Plaintiff that she would need to return to the schedule of the other therapists but denies that it was Ms. Wilcox's observations that led to the decision.

97. Defendant admits the allegation set forth in Paragraph 97.

98. Defendant denies the allegation set forth in Paragraph 98.

99. Defendant denies the allegation set forth in Paragraph 99.

100. Defendant is without sufficient information to admit or deny the allegation set forth in Paragraph 100, and therefore denies same.

101. Defendant is without sufficient information to admit or deny the allegation set forth in Paragraph 101, but denies the allegation set forth in the footnote thereto.

102. Defendant admits the allegation set forth in Paragraph 102.

103. Defendant admits that Plaintiff forwarded the email as alleged in Paragraph 103.

104. Defendant admits that Plaintiff asserted the allegation set forth in Paragraph 104.

105. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 105, and therefore denies same.

106. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 106, and therefore denies same.

107. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 107, and therefore denies same.

108. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 108, and therefore denies same.

109. Defendant admits the allegation set forth in Paragraph 109.

110. Defendant admits that Plaintiff made the allegations described in Paragraph 110.

111. Defendant admits the allegation set forth in Paragraph 111.

112. Defendant denies the allegation stated in Paragraph 112.

113. Defendant denies the allegation set forth in Paragraph 113.

114. Defendant denies the allegation set forth in Paragraph 114.

115. Defendant denies the allegation as stated in Paragraph 115 but admits that it initially did request a response from Plaintiff on January 9, 2023.

116. Defendant admits that Plaintiff requested additional time in which to make a decision, and the City agreed.

117. Defendant denies the allegation set forth in Paragraph 117.

118. Defendant denies the allegation set forth in Paragraph 118.

119. Defendant admits the allegation set forth in Paragraph 119.

120. Defendant denies the first phrase of Paragraph 120, and is without information to admit or deny the allegation set forth in Paragraph 120, and therefore denies same.

121. Defendant admits the allegation set forth in Paragraph 121 except that the short-term disability began on January 10, not January 9, 2023.

122. Defendant denies the allegation set forth in Paragraph 122.

123. Defendant admits that Plaintiff spoke with Mr. Haley as alleged in Paragraph 123 but denies the date alleged.

124. Defendant denies the allegation set forth in Paragraph 124.

125. Defendant admits the allegation set forth in Paragraph 125.

126. Defendant denies the allegation set forth in Paragraph 126.

127. Defendant denies the allegation set forth in Paragraph 127.

128. Defendant admits that Ms. Wilcox requested the meeting as alleged in Paragraph 128, but she offered some flexibility about the timing.

129. Defendant denies the allegation as stated in Paragraph 129.

130. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 130, and therefore denies same, but Defendant admits that Ms. Wilcox emailed her concerning her return to work.

131. Defendant admits the allegations set forth in Paragraph 131, except that the change to the Friday crisis rotation was to be temporary.

132. Defendant admits the allegation set forth in Paragraph 132.

133. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 133, and therefore denies same.

134. Defendant admits the allegation set forth in Paragraph 134.

135. Defendant admits that Plaintiff was told that she would need to wait until the next person comes on board before there would be an opportunity to change her crisis day, as had been the case on previous occasions on which Plaintiff was given the opportunity to change her crisis day. Defendant denies the remaining allegation set forth in Paragraph 135.

136. Defendant admits the allegation set forth in Paragraph 136.

137. Defendant admits that Plaintiff's request was denied due to staffing issue, and is without sufficient information at this time to admit or deny the remaining allegations, and therefore denies same.

138. Defendant denies the allegation set forth in Paragraph 138.

139. Defendant admits that Plaintiff sent the email as alleged, but denies that Ms. Wilcox promised any change in schedule on April 11, 2023.

140. Defendant admits that Ms. Wilcox denied Plaintiff's request for staffing purposes, but denies the remaining allegations set forth in Paragraph 140.

141. Defendant admits the allegation set forth in Paragraph 141.

142. Defendant denies the allegation set forth in Paragraph 142.

143. Defendant admits that Ms. Wilcox shared that she was working on a solution for changing Plaintiff's assigned crisis day, but she also said she could not accommodate her request to change evenings.

144. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 144, and therefore denies same.

145. Defendant admits that Plaintiff emailed Mr. Haley on April 25, 2023, but denies that she stated anything other than she would like to meet with him.

146. Defendant denies the allegation set forth in Paragraph 146.

147. Defendant denies the allegation set forth in Paragraph 147.

148. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 148, and therefore denies same.

149. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 149, and therefore denies same.

150. Defendant denies the allegation set forth in Paragraph 150.

151. Defendant denies the allegation set forth in Paragraph 151.

152. Defendant admits the allegation set forth in Paragraph 152 as to a change in Plaintiff's crisis day, but denies that there was no agreement to an evening shift change.

153. Defendant admits the allegations set forth in Paragraph 153, but denies the allegations set forth in the footnote thereto.

154. Defendant admits the allegation set forth in Paragraph 154 insofar as it relates to a change in Plaintiff's crisis day but denies that the schedule change included a change for evenings.

155. Defendant admits the allegation set forth in Paragraph 155 but notes that the schedule change was to Plaintiff's crisis day only.

156. Defendant admits the allegation set forth in Paragraph 155.

157. Defendant admits the allegation set forth in Paragraph 157.

158. Defendant denies that Ms. Wilcox promised a change to Plaintiff's evening schedule, and admits the remaining allegation set forth in Paragraph 158, and therefore denies same.

159. Defendant admits that Plaintiff unilaterally changed her schedule, but denies that Ms. D'Imperio worked with her toward the new schedule as alleged in Paragraph 159.

160. Defendant denies the allegation set forth in Paragraph 160.

161. Defendant admits the allegation set forth in Paragraph 161.

162. Defendant denies the allegation set forth in Paragraph 162.

163. Defendant denies the allegation set forth in Paragraph 163.

164. Defendant denies the allegation set forth in Paragraph 164.

165. Defendant admits that Plaintiff emailed Ms. Wilcox as alleged, but denies that Ms. Wilcox mischaracterized their prior scheduling discussions.

166. Defendant admits the allegation set forth in Paragraph 166, but denies the statement alleged in the footnote thereto, as the individuals referred to had scheduled vacation and expected FMLA leave.

167. Defendant denies the allegation set forth in Paragraph 167.

168. Defendant denies the allegations set forth in Paragraph 168.

169. Defendant denies the allegation set forth in Paragraph 169.

170. Defendant denies the allegations set forth in Paragraph 170.

171. Defendant denies the allegation as set forth in Paragraph 171, but admits that Ms. Wilcox did state that refusing to follow a supervisor's instruction is insubordinate.

172. Defendant admits the allegation set forth in Paragraph 172.

173. Defendant admits that Plaintiff forwarded the email as alleged, but denies its content or the remaining allegation set forth in Paragraph 173.

174. Defendant denies the allegation set forth in Paragraph 174.

175. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 175, but denies the suggestion that Ms. Wilcox was made aware of the condition or saw a monitor at any time before June 2023, when Plaintiff again requested short-term disability leave.

176. Defendant is without sufficient information at this time to admit or deny the allegation set forth in Paragraph 176.

177. Defendant admits the allegation set forth in Paragraph 177.

178. Defendant admits the allegation set forth in Paragraph 178.

179. Defendant denies the allegation set forth in Paragraph 179.

180. Defendant denies the allegations set forth in Paragraph 180, but admits that Ms. Wilcox stated that Plaintiff could not simply tell her what Plaintiff will and will not do about her schedule and keep her job.

181. Defendant admits that Plaintiff sent an email to Mr. Haley on May 31, 2023.

182. Defendant admits to the email as described in Paragraph 182, but denies its contents.

183. Defendant admits that Plaintiff spoke to Mr. Haley as alleged, but denies the remaining allegations set forth in Paragraph 183.

184. Defendant denies that Plaintiff referenced a cardiac condition during the call, but admits that Plaintiff alleged harassment and retaliation.

185. Plaintiff admits the allegation set forth in Paragraph 185, but denies the characterization contained therein.

186. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 186, and therefore denies same. Defendant denies the allegation of causation set forth in Paragraph 186.

187. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 187, but denies that Defendant suggested that she must come into the office or work on the date of the alleged medical event.

188. Defendant admits that Plaintiff was not permitted to make up time, but denies the further allegations set forth in Paragraph 188.

189. Defendant admits that Plaintiff was asked to use her vacation leave time, as the pay period was ending.

190. Defendant admits that Plaintiff perfected the Charge on June 2, 2023 by signing it, but notes that the City was not aware of it until after that point.

191. Defendant admits the allegation set forth in Paragraph 191.

192. Defendant admits the allegation set forth in Paragraph 192.

193. Defendant admits the allegation set forth in Paragraph 193.

194. Defendant admits the allegation set forth in Paragraph 194, but notes that the response from Mr. Haley was approximately 1.5 hours after emails from Plaintiff at 4:29, 4:30 and 4:44pm on a Friday.

195. Defendant denies the characterization of the memorandum referenced in Paragraph 195, but admits the remaining allegation therein.

196. Defendant admits the allegation stated in Paragraph 196, but notes that, on the following day, Mr. Haley forwarded an email to Plaintiff correcting the error and clarifying that Plaintiff need not appear in the office for the Wednesday staff meetings.

197. Defendant admits the allegation set forth in Paragraph 197, but notes, as set forth in its response to Paragraph 196, that the initial directive regarding Wednesday staff meetings was in error.

198. Defendant admits the allegation set forth in Paragraph 198, but notes that, on the following day, Mr. Haley forwarded an email to Plaintiff correcting the error and clarifying that Plaintiff need not work in the office during Friday crisis shifts.

199. Defendant admits the allegation as stated in Paragraph 199, but notes that Mr. Heley forwarded an email to Plaintiff the following day correcting the error and clarifying the directive as noted above.

200. Defendant admits the allegation stated in Paragraph 200.

201. Defendant admits the allegation set forth in Paragraph 201, and notes that all therapists must maintain afternoon/evening availability sufficient to schedule 15 client meetings, but are not responsible for conducting 15 meetings if they have been assigned fewer than 15 families at the time. Therapists are also not held responsible for cancellations or no-shows so long as they are communicating appropriately with the families.

202. Defendant denies the allegations set forth in Paragraph 202. See answer to Paragraph 201 above.

203. Defendant admits the allegation set forth in Paragraph 203.

204. Defendant admits the allegation set forth in Paragraph 204.

205. Defendant admits the allegation set forth in Paragraph 205.

206. Defendant admits that Plaintiff made the allegation set forth in Paragraph 206, but denies the allegation itself.

207. Defendant admits that Plaintiff made the allegation set forth in Paragraph 207, but denies the allegation itself.

208. Defendant admits that Plaintiff made the allegation set forth in Paragraph 208, but denies the allegation itself.

209. Defendant admits that Plaintiff made the allegation set forth in Paragraph 209, but denies the allegation itself.

210. Defendant admits the allegation set forth in Paragraph 210.

211. Defendant admits the allegation set forth in Paragraph 211.

212. Defendant denies the allegation set forth in Paragraph 212.

213. Defendant denies the allegation set forth in Paragraph 213.

214. Defendant denies the allegation set forth in Paragraph 214.

215. Defendant admits the allegation set forth in Paragraph 215.

216. Defendant admits that Plaintiff made the allegations set forth in Paragraph 216, admits that Mr. Haley's memorandum included errors regarding in-person attendance at Wednesday staff meetings and Friday crisis shifts, but denies the remaining allegations set forth in Paragraph 216.

217. Defendant denies the allegation set forth in Paragraph 217 as Mr. Haley had already emailed Plaintiff correcting his miscommunication regarding in-person attendance at Wednesday staff meetings and Friday crisis shifts, but admits the remaining allegation set forth in Paragraph 217.

218. Defendant denies the allegation set forth in Paragraph 218, as Plaintiff's email referred to discrete instances in which therapists exchanged shifts, as she had, and not standard scheduling practices.

219. Defendant admits that Plaintiff made the allegations set forth in Paragraph 219, but denies the allegations themselves.

220. Defendant admits the allegation set forth in Paragraph 220, except the allegation that Mr. Haley cut the call short.

221. Defendant admits the allegation set forth in Paragraph 221.

222. Defendant admits the allegation set forth in Paragraph 222.

223. Defendant admits the allegation set forth in Paragraph 223.

224. Defendant admits the allegation set forth in Paragraph 224.

225. Defendant admits that Plaintiff made the allegation set forth in Paragraph 225 but denies the allegation itself.

226. Defendant admits the allegation set forth in Paragraph 226.

227. Defendant admits the allegation in the first sentence of Paragraph 227, but denies the allegation set forth in the second sentence.

228. Defendant admits that Ms. Wilcox scheduled Plaintiff's annual performance review for June 12, 2023, but denies the further allegations set forth in Paragraph 228, including the insinuation that Ms. Wilcox scheduled the evaluation due to Plaintiff's Charge; Ms. Wilcox

was not made aware of the Charge until after June 14, 2023, after the performance evaluation had been written and presented.

229. Defendant admits the allegation set forth in Paragraph 229.

230. Defendant admits the allegations set forth in Paragraph 230 with the exception that any of the comments were without basis.

231. Defendant denies the allegation set forth in Paragraph 231.

232. Defendant denies the allegation set forth in Paragraph 232.

233. Defendant admits the allegation set forth in Paragraph 233, but notes that Plaintiff was never criticized or questioned for any issue related to medical appointments.

234. Defendant denies the allegation set forth in Paragraph 234.

235. Defendant denies the allegation set forth in Paragraph 235.

236. Defendant admits that Plaintiff was not rated in the area of groups because there were limited opportunities for rating for this metric, but denies that Ms. Wilcox "refused" to rate her; it was to Plaintiff's benefit that this measure not be included in Plaintiff's evaluation.

237. Defendant admits that Plaintiff conducted the two groups referenced, but denies the remaining allegations in Paragraph 237.

238. Defendant denies the allegation set forth in Paragraph 238, as it references a manualized lecture on-line with two people with limited opportunities for interaction.

239. Defendant admits to the certificate, but denies the further allegations in Paragraph 239.

240. Defendant denies the allegation set forth in Paragraph 240.

241. Defendant denies the allegation set forth in Paragraph 241.

242. Defendant denies the allegation set forth in Paragraph 242.

243. Defendant admits to the merit and cost of living increases referenced, but denies that Ms. Wilcox "issued" these changes, as she does not decide these matters.

244. Defendant admits that Plaintiff was placed on a performance improvement plan, but denies the remaining allegation in Paragraph 244.

245. Defendant admits that Plaintiff made the allegations set forth in Paragraph 245, but denies the allegations themselves.

246. Defendant admits the allegation set forth in Paragraph 246, but denies that the call from Mr. Haley was late in any way.

247. Defendant admits that Plaintiff made the allegations set forth in Paragraph 247, but denies the allegations themselves.

248. Defendant admits that Plaintiff made the allegations set forth in Paragraph 248, but denies the allegations themselves.

249. Defendant admits the allegation set forth in Paragraph 249.

250. Defendant denies the allegation set forth in the first sentence of Paragraph 250, but admits the allegation in the second sentence.

251. Defendant admits the allegation set forth in Paragraph 251.

252. Defendant admits the allegation set forth in Paragraph 252.

253. Defendant admits that Plaintiff made the allegation set forth in Paragraph 253, but denies the allegation itself.

254. Defendant admits the allegation set forth in Paragraph 254, but denies the allegation that Mr. Haley did not respond.

255. Defendant admits the allegation set forth in Paragraph 255.

256. Defendant admits the allegation set forth in Paragraph 256.

257. Defendant denies the allegation set forth in Paragraph 257.

258. Defendant denies the allegation set forth in Paragraph 258.

259. Defendant denies the allegation set forth in Paragraph 259, as Ms. Wilcox was not made aware of Plaintiff's report of a cardiac condition until several weeks later.

260. Defendant denies the allegations set forth in Paragraph 260.

261. Defendant admits to the allegation set forth in Paragraph 261.

262. Defendant denies the allegations set forth in Paragraph 262.

263. Defendant admits the allegation set forth in Paragraph 263, but denies that Plaintiff's email included an accurate recap of the interaction.

264. Defendant admits the allegation in the first sentence of Paragraph 264, but denies the allegation in the second sentence.

265. Defendant admits that Plaintiff emailed that she was leaving due to a medical issue, but denies it was aware of the nature thereof and denies the allegation set forth in the footnote to Paragraph 265.

266. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 266, and therefore denies same.

267. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 267, and therefore denies same.

268. Defendant denies the allegation set forth in Paragraph 268.

269. Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 269, and therefore denies same.

270. Defendant admits the allegations set forth in Paragraph 270, but denies that Human Resources did not send her the application until June 23, 2023; in fact, Defendant sent her the short-term application on June 20, 2023.

271. Defendant admits the allegation set forth in Paragraph 271.

272. Defendant admits the allegation set forth in Paragraph 272.

273. Defendant admits the allegation set forth in Paragraph 273.

274. Defendant admits the allegation set forth in Paragraph 274.

275. Defendant denies the allegation set forth in Paragraph 275; while Plaintiff stated in an email that she was attaching the form, the form was not attached.

276. Defendant admits the allegation set forth in Paragraph 276.

277. Defendant admits that Plaintiff emailed as alleged in Paragraph 277.

278. Defendant admits that Plaintiff sent the email as set forth in Paragraph 278, but denies that she never received a response.

279. Defendant denies the allegation set forth in Paragraph 179, as her request for short-term disability leave was delayed by her failure to submit appropriate documentation and the requests for additional information from Plaintiff's doctor was ignored.

280. Defendant denies the allegations set forth in Paragraph 280, except for the allegation concerning her personal finances, about which Defendant has insufficient information at this time to admit or deny, and so denies same.

281. Defendant admits the allegation set forth in Paragraph 281, but denies that the post related to Plaintiff's position; it was to fill a position that had been vacated by another employee.

282. Defendant admits the allegation set forth in Paragraph 282 of the Complaint.

283. Defendant admits the allegation set forth in Paragraph 283 of the Complaint.

284. Defendant denies the allegation set forth in Paragraph 284, as it was determined that Plaintiff did not have the particular condition alleged, and ultimately she was cleared to return to work without restriction.

285. Defendant admits the allegation set forth in Paragraph 285.

286. Defendant admits the allegation set forth in Paragraph 286.

287. Defendant admits the allegation set forth in Paragraph 287.

288. Defendant admits the allegation set forth in Paragraph 288.

289. Defendant admits the allegation set forth in Paragraph 289.

290. Defendant admits the allegation set forth in Paragraph 290.

291. Defendant admits the allegation set forth in Paragraph 291.

292. Defendant admits to the allegation set forth in Paragraph 292, except that it denies the allegation set forth in the footnote thereto.

293. Defendant admits to the allegation set forth in Paragraph 293.

294. Defendant denies the allegation set forth in Paragraph 294, as Defendant routinely sends employees for fitness for duty exams when there is concern about a medical condition. In this case, Plaintiff was returning from leave after having submitted that she had a condition that could lead to sudden death.

295. Defendant admits the allegation set forth in Paragraph 295.

296. Defendant admits the allegation set forth in Paragraph 296.

297. Defendant denies the allegation set forth in Paragraph 297.

298. Defendant admits the allegations set forth in Paragraph 298.

299. Defendant denies the allegation set forth in Paragraph 299.

300. Defendant denies the allegation set forth in Paragraph 300.

301. Defendant is without information at this time to admit or deny the allegation set forth in Paragraph 301, and therefore denies same.

302. Defendant admits that Plaintiff received paid administrative leave, but denies the remaining allegatons set forth in Paragraph 303.

303. Defendant admits the allegation set forth in Paragraph 303.

304. Defendant denies the allegation set forth in Paragraph 304.

305. Defendant admits the allegation set forth in Paragraph 305.

306. Defendant denies the allegation set forth in Paragraph 306.

307. Defendant denies the allegation set forth in Paragraph 307.

308. Defendant denies the allegation set forth in Paragraph 308.

309. Defendant denies the allegation set forth in Paragraph 309.

310. Defendant denies that Plaintiff received a cryptic email with a veiled threat, and is without sufficient information at this time to admit or deny the remaining allegations in Paragraph 310, and therefore denies same.

311. Defendant admits that PIP meetings occurred, but denies the remaining allegations set forth in Paragraph 311.

312. Defendant denies the allegations set forth in Paragraph 312.

313. Defendant denies the allegation as stated in Paragraph 313.

314. Defendant denies the allegation as stated in Paragraph 314.

315. Defendant denies the allegation as stated in Paragraph 315.

316. Defendant denies the allegation set forth in Paragraph 316.

317. Defendant denies the allegation set forth in Paragraph 317.

318. Defendant denies the allegation set forth in Paragraph 318.

319. Defendant denies the allegation set forth in Paragraph 319.

320. Defendant denies the allegation set forth in Paragraph 320.

321. Defendant incorporates herein its answers to Paragraphs 1-320 above.

322. Defendant admits the allegation set forth in Paragraph 322.

323. Defendant admits that Paragraph 323 includes an accurate statement of law but reserves the right to deny Plaintiff's allegation of the application of the law to the alleged facts as stated.

324. Defendant denies the allegation set forth in Paragraph 324 because Plaintiff could not perform the functions of her position via 100% telework, as she demanded, without undue hardship on the agency or its clients. The agency cannot reasonably accommodate this request on a long-term basis because it reasonably deems teletherapy to be inferior to in-person therapy for group therapy or for children and teenagers, as therapeutic conditions cannot be monitored. The pandemic at times left the agency with no other options, but that is no longer the case.

325. Defendant denies the allegation set forth in Paragraph 325.

326. Defendant denies the allegation set forth in Paragraph 326.

327. Defendant denies the allegation set forth in Paragraph 327.

328. Defendant denies the allegation set forth in Paragraph 328.

329. Defendant admits that Paragraph 328 includes an accurate statement of law but denies the facts alleged therein and Plaintiff's allegation regarding the application of the law to her claims.

330. Defendant admits the allegation in the first sentence of Paragraph 330, but denies the allegation set forth in the second sentence.

331. Defendant incorporates herein its answers to Paragraphs 1 through 330 set forth above.

332. Defendant admits the allegation set forth in Paragraph 332.

333. Defendant admits that Paragraph 333 includes an accurate statement of law but reserves the right to deny Plaintiff's allegation of the application of the law to the alleged facts as stated.

334. Plaintiff admits the allegation stated in Paragraph 334.

335. Defendant denies the allegation set forth in Paragraph 335.

336. Defendant denies the allegation set forth in Paragraph 336.

337. Defendant admits the allegation set forth in Paragraph 337.

338. Defendant denies the allegation set forth in Paragraph 338.

339. Defendant admits the allegation set forth in Paragraph 339.

340. Defendant admits the allegation set forth in the first sentence of Paragraph 340, but denies the allegation set forth in the second sentence.

341. Defendant incorporates herein its answers to Paragraphs 1 though 340 as set forth above.

342. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 342, and therefore denies same.

343. Defendant denies the allegation set forth in Paragraph 343 and incorporates herein its answer to Paragraph 324 above.

344. Defendant admits that it was aware of Plaintiff's foot injury but denies that it was aware of Plaintiff's alleged second disability at all pertinent times.

345. Defendant denies the allegation set forth in Paragraph 345.

346. Defendant denies he allegation set forth in Paragraph 346 and incorporates herein its answer to Paragraph 324 above.

347. Defendant denies the allegation set forth in Paragraph 347.

348. Defendant denies the allegation set forth in Paragraph 348.

349. Defendant denies the allegation set forth in Paragraph 349.

350. Defendant denies the allegation set forth in Paragraph 350.

351. Defendant denies the allegation set forth in Paragraph 351.

352. Defendant denies the allegation set forth in Paragraph 352.

353. Defendant adopts and incorporates herein its answers to Paragraphs 1 through 352 above.

354. Defendant admits the allegation set forth in Paragraph 354.

355. Defendant admits the allegation set forth in Paragraph 355.

356. Defendant admits the allegation set forth in Paragraph 356.

357. Defendant admits to the statement of law set forth in Paragraph 347, but is without sufficient information at this time to admit or deny the remaining allegations therein.

358. Defendant denies the allegation set forth in Paragraph 358 and adoptes and incorporates herein its answer to Paragraph 324 above.

359. Defendant denies the allegations set forth in Paragraph 359.

360. Defendant denies the allegations set forth in Paragraph 360.

361. Defendant denies the allegation set forth in Paragraph 361.

362. Defendant denies the allegation set forth in Paragraph 362.

363. Defendant admits the allegation set forth in Paragraph 363.

364. Defendant admits the allegation set forth in Paragraph 364.

365. Defendant adopts and incorporates herein its answers to Paragraphs 1 through 364 above.

366. Defendant admits the allegation set forth in Paragraph 366.

367. Defendant denies the allegation set forth in Paragraph 367.

368. Defendant denies the allegation set forth in Paragraph 368.

369. Defendant admits the allegation set forth in Paragraph 369.

370. Defendant denies the allegation set forth in Paragraph 370.

371. Defendant admits the allegation set forth in Paragraph 371.

372. Defendant admits the allegation set forth in Paragraph 372.

Defendant further responds to the Complaint as follows:

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant makes no concession that the matters covered thereby are to be proved by them, and in fact, posit that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint. Moreover, Defendant generally denies liability as to all claims asserted in the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent that the Complaint, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they concern matters on which Plaintiff failed to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are outside of the scope of the applicable statutes of limitations and/or based on the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged sufficient facts to show, nor can she prove, that the reasons proffered by Defendant for its actions toward her were pretextual, discriminatory, and/or retaliatory.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because all decisions and any conduct with respect to his employment were made by Defendant for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons, and there is no basis for any claim against Defendant by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not been injured within the meaning of the applicable law or suffered legally cognizable damages as a result of Defendant's acts or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a basis for recovery of damages from Defendant, and therefore cannot recover from Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate her alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's conduct, at all times relevant to the Complaint, was lawful and justified.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred based on immunity, including but not limited to governmental immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff was injured and damaged as alleged, such injuries and damages were the result of a person or persons, entity or entities other than Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Even if, arguendo, Defendant could otherwise be held liable, Plaintiff's injuries and damages, if any, resulted from or were caused by intervening and/or superceding causes not attributable to the Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the defense of privilege and qualified privilege.

**FOURTEENTH AFFIMATIVE DEFENSE**

The Complaint is barred by immunity and qualified immunity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant states it is a local government and self-insured and relies on the provisions of MD. CODE ANN., CTS. AND JUD. PROC. § 5-303, and should judgment be entered in excess of $400,000.00, then damages must be capped at $400,000.00 pursuant to statute.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant raises the defenses set forth in Maryland Rule 2-323 as if each defense was set forth fully herein.

**RESERVATION**

Defendant expressly reserves the right to amend this Answer and to assert additional affirmative or negative defenses upon discovery of additional or more definitive facts.

Respectfully submitted,

Kimberly L. Limbrick /df

Kimberly L. Limbrick, Esq. #9412140164
Crosswhite, Limbrick & Sinclair, LLP
25 Hooks Lane, Suite 314
Baltimore, Maryland 21208
410-653-6890
kll@cls-law.com

*Attorneys for City of Bowie, Maryland*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2024, a copy of the foregoing **ANSWER** was served via MDEC on counsel for all other parties and forwarded by electronic mail directly to Plaintiff's counsel, Cori Morhan Cohen, Esquire.

Kimberly L. Limbrick /df

Kimberly L. Limbrick, Esq.