**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DANIELLE ROGAL-HUDSPETH,** | ) | |
| **Plaintiff,** | ) | Case No. 8:25-cv-02335 |
| **v.** | ) | |
| **CITY OF BOWIE,** | ) | |
| **Defendant.** | ) | |

# ORDER

THE COURT, being fully advised on the matter, hereby GRANTS the Joint Motion to adopt the Stipulated Protective Order.

IT IS ORDERED that the Stipulated Protective Order attached hereto be adopted and govern the exchange and use of Confidential Information in this case.

SO ORDERED.

Date: December 1, 2025

Honorable Deborah L. Boardman
United States District Judge

Copies to:
Counsel for Plaintiff
Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**DANIELLE ROGAL-HUDSPETH,**

**Plaintiff,**

**v.**

**CITY OF BOWIE,**

**Defendant.**

Civil Action No. 8:25-cv-02335

**STIPULATED PROTECTIVE ORDER**

The Parties to this Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of exchange of documents, including but not limited to requests and responses to requests for information, deposition testimony and exhibits, communications in electronic or documentary form, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Protective Order applies only to the discovery process. It does not apply to the use of documents in judicial proceedings, including filings or at trial in this action or any appeal unless otherwise determined by the Court at the relevant time. Nothing prohibits either Party from requesting that the Court designate a document as Confidential during any judicial proceeding or filing.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that contains confidential personal information, medical or psychiatric information, or financial information. Sensitive financial and medical documentation shall be marked as CONFIDENTIAL – FOR ATTORNEYS EYES ONLY.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. A party may designate portions or an entire transcript when the deposition is taken or within ten (10) after receipt of the deposition transcript.

5. **Protection of Confidential Material.**

   **(a) General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than for the litigation or settlement of this action, including any appeals thereof; any information that is shared pursuant to the terms of this section must remain under the control of counsel for the parties and be immediately retrieved from any persons with whom it has been shared, or, if immediate retrieval is impossible, then as soon as reasonably possible.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in this Paragraph. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the litigation of the action;

**(2) Parties.** Parties and employees of a party to this Order whose assistance is reasonably necessary to the conduct of the litigation;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the litigation, preparation, and trial of this action or proceeding. Prior to disclosure to any such individual, the individual must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence, and;

**(5) Witnesses.** Witnesses at deposition. Prior to disclosure to any such individual, the individual must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJET TO PROTECTIVE ORDER pursuant to the terms of this Order.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as “copies”) of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation “CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER” if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term “copies” shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. **Inadvertent Production. Return of Inadvertently Disclosed Materials.** Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the attorney work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party’s option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

(e) **Responding to Subpoenas.** If at any time any party having possession, custody, or control of materials designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that designated the materials as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER material, whichever is earlier.

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party by filing an appropriate motion with the Court. The burden of proving the designated information as either “Confidential” or “Confidential-Attorneys’ Eyes Only” remains with the party asserting such confidentiality.

8. **Non-Waiver of Privilege for Inadvertently Disclosed Materials.** Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document is that is subject to a legitimate claim that the document is subject to the attorney-client privilege or attorney work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

9. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, nothing in this Order shall prevent a party from using at trial or at any hearing, any information or documents designated as CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10. Obligations on Conclusion of Litigation**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**11. Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal or litigation, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party or destroy all copies the receiving party has in its possession, custody, and control unless: (1) the document has been offered into evidence or filed without restriction as to disclosure or (2) retention of documents is required by any applicable rules of Professional Conduct or as otherwise required by law, rule, or regulation.

**12. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law offices and firms, the parties, and persons made subject to this Order by its terms.