**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 8:25-cv-02335 |
| CITY OF BOWIE, | ) | |
| Defendant. | ) | |

# **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAVE TO AMEND COMPLAINT**

Plaintiff Danielle Rogal-Hudspeth, by and through her undersigned counsel, hereby submits the following Memorandum in support of Plaintiff's Motion for Leave to Amend Complaint. Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff respectfully requests the Court grant her leave to amend her Complaint to add an additional cause of action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* that arose out of the same factual circumstances already at issue in the present action.

## **I. BACKGROUND**

On June 2, 2023, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and Plaintiff subsequently amended her charge on or about October 4, 2023, prior to her termination on December 14, 2023. *See* Dkt. 7 at ¶8 (Amended Complaint ("Compl.")). After receiving her right to sue letter, Plaintiff filed suit in Prince George's Circuit Court on July 8, 2024. On October 8, 2024, Plaintiff filed a second charge of discrimination with the EEOC regarding her termination. *Id.* at ¶10. Pursuant to MD Rule 2–341, on June 24, 2025, Plaintiff amended her Complaint to include claims related to her

termination. *Id.* Plaintiff's Complaint includes facts regarding her leave under the FMLA. *See, e.g.*, *id.* at ¶125, 134, 141, 238.

Defendant removed the case on July 18, 2025. Dkt. 1. On August 26, 2025, a Scheduling Order was issued setting forth a discovery schedule and setting December 8, 2025 as the deadline to amend the pleadings. Dkt. 18. On September 12, 2025, Plaintiff served her First Set of Interrogatory Responses and First Set of Requests for the Production of Documents (together, "Plaintiff's Discovery Requests").[1] Defendant requested an extension of time to respond, to which Plaintiff consented, and served its responses to Plaintiff's discovery requests on November 5, 2025. The Parties are in the process of meeting and conferring regarding Defendant's discovery response. Defendant served discovery requests on October 22, 2025. Plaintiff requested, and Defendant consented to, an extension until December 12, 2025, to provide responses. The discovery requests from both Parties include requests that encompass Plaintiff's leave protected by the FMLA and the resulting retaliatory actions. Neither party has yet taken depositions.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its Complaint with leave of the court and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is the policy of the Fourth Circuit to "liberally allow amendment." *Distefano, Inc. v. Tasty Baking Co.*, Civ. No. SAG-22-01493, 2024 U.S. Dist. LEXIS 55786, at *6 (D. Md. Mar. 28, 2024) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). This rule "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Chiao v. United Airlines, Inc.,* Civ. No. ELH-25-687, 2025 U.S Dist.

[1] Plaintiff has not attached copies of the discovery requests, or responses, to this Memorandum but can provide them upon request.

LEXIS 118078, at *4 (D.Md. Jun. 23, 2025). The court should only deny a party's request to amend its complaint only where "prejudice, bad faith, or futility" is present. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

## III. ARGUMENT

Permitting Plaintiff to supplement her Complaint to include an allegation of FMLA retaliation is appropriate and in the interest of justice because the allegation is intertwined with the existing factual and legal allegations already set forth in Plaintiff's Complaint, and litigating the FMLA claim with the current complaint will preserve judicial resources. Additionally, no party will be prejudiced by the filing of the amended pleading, as Defendant is already on notice of the relevant facts, discovery is in the early stages, no additional written discovery is needed because of the amendment, and no extension or delay of current deadlines would be required. Similarly, the amendment is not made in bad faith, as it is timely filed and not intended to impede Defendant's ability to prepare its defense, nor are the amended allegations futile. These are precisely the circumstances contemplated by Rule 15 for allowing an amendment.

As an initial matter, amending the complaint to include a claim under the FMLA is consistent with the public policy goal of resolving a claim on its merits. *See Chiao,* 2025 U.S Dist. LEXIS 118078, at *4; *Ostrzenski v. Seigel,* 177 F.3d 245, 252 (4th Cir. 1999) (explaining the federal rules are intended to ensure cases are "decide[d] on the basis of the substantive rights involved rather than on technicalities") (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)).

Accordingly, absent a showing of prejudice, bad faith, or futility, Plaintiff must be "afforded an opportunity to test [her] claim on the merits" and permitted to amend her Complaint. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) (quoting *Foman v.*

*Davis,* 371 U.S. 178, 182 (1962)); *see also Johnson*, 785 F.2d at 510. None of the applicable bases to deny Plaintiff's motion exist here. First, there is no prejudice to Defendant. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey,* 438 F.3d 404, 428 (4th Cir. 2006). Here, Defendant is not prejudiced by the nature of the amendment as the FMLA claim at issue here arises out of the same set of facts as already alleged. It is well-established that "[a]n amendment is not prejudicial [. . .] if it merely adds an additional theory of recovery to the facts already pled." *Id.* Plaintiff was terminated on December 14, 2023, and therefore the amended complaint is also timely filed within the statute of limitations. *See Angles v. Dollar Tree Stores*, 494 Fed. App'x 326, 330 (4th Cir. 2012) (citing *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)) ("Plaintiffs correctly note that courts have generally concluded that when a motion for leave to amend is later granted, the amended complaint is deemed timely even if the court's permission is granted after the limitations period ends"); 29 U.S.C. § 2617(c) (providing for a two-year statute of limitations, or three years for willful violations).[2]

Plaintiff also does not request leave to amend her Complaint in bad faith. "Bad faith is established when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, and to present theories seriatim in an effort to avoid dismissal." *Gunn v. JPMorgan Chase Bank, N.A.*, Civil Case No. 8:24-53-AAQ, 2025 U.S. Dist. LEXIS 55707, at *18 (D. Md. Mar. 26, 2025) (quoting *Wilson v. Eagle Nat'l Bank*, No. JRR-20-1344, 2025 U.S. Dist. LEXIS 17287 (D. Md. Jan 31,

---

[2] Even assuming *arguendo* the amendment was not timely filed, pursuant to Rule 15(c), the claims would still be timely as they "relate back" to the filing of the Complaint. *See* Fed. R. Civ. P. 15(c)(1)(B); *cf. Schaneville v. Publix Super Mkts.*, Case No. 3:20-cv-01038, 2021 U.S. Dist. LEXIS 210356. (M.D. Tenn. Nov. 1, 2021) (granting leave for motion to amend that included an untimely raised disability discrimination claim and a timely FMLA retaliation claim).

2025)); *see also Carter v. SNC-Lavalin Constructors, Inc.*, No. DKC-17-3198, 2019 U.S. Dist. LEXIS 29474 (D. Md. Feb. 25, 2019). None of those concerns are present here. Courts evaluate FMLA retaliation claims under essentially the same burden shifting framework as the other discrimination claims already in Plaintiff's Complaint, and therefore Plaintiff has not presented a "moving target" requiring Defendant to shift their efforts on this case. *Id.* As Defendant has not filed any dispositive motion, this request to amend cannot be construed as an effort to resuscitate a lost case. Moreover, Plaintiff has not sought to amend her Complaint in an effort to undermine Defendant's ability to prepare a defense. This is evidenced by the fact that Plaintiff has not yet even responded to Defendant's discovery requests, nor has Plaintiff been deposed in this matter, and Plaintiff seeks no additional discovery for the sole purpose of establishing the new claim.

Additionally, the amendment is not futile. The FMLA retaliation claim Plaintiff seeks arises out of the same facts already alleged. The new claim requires no additional facts than those upon which Defendant has already filed its Answer, and those facts already outline a plausible claim on which relief for FMLA retaliation may be granted.

In similar circumstances, the Fourth Circuit has repeatedly found it to be an abuse of discretion to deny a request to amend. For example, in *Laber,* the Court found an amendment should have been permitted where, like here, the defendant had not yet "conducted [. . .] significant discovery" and "[a]ny discovery it did conduct need not be duplicated" because the amendment did "not put any new facts at issue." *Laber,* 438 F.3d at 428. Similarly, in *Davis v. Piper Aircraft Corp*, the Fourth Circuit reiterated that where the "defendant from the outset [was] made fully aware of the events giving rise to the action, an allowance of the amendment" is not prejudicial and should be permitted. 615 F.2d 606, 613 (4th Cir. 1980); *see also United States v. Shabazz*, 509 F. App'x 265, *Doe v. Mercy High Sch., Inc.*, Civ. No. 1:23-cv-01184-JRR, 2024

U.S. Dist. LEXIS 183350, at *6–11 (D. Md. Oct. 8, 2024); *NRT Mid-Atlantic LLC v. Peach*, Civ. No. 1:25-cv-00899, 2025 U.S. Dist. LEXIS 200804 (D. Md. Oct. 10, 2025) (granting motion to amend "early in the litigation" where the "proposed amendments do not significantly alter the facts").

## IV. CONCLUSION

For the foregoing reasons, as amending the complaint to include a claim under the FMLA is in the interest of justice, and because it will not prejudice either party, is not made in bad faith, and is not futile, Plaintiff respectfully requests that the Court grant her leave to amend her Complaint with the attached proposed amended complaint.

Dated: December 8, 2025

Respectfully submitted,

Cori Cohen

Cori Cohen, Esq. (Bar No. 1206200047)
Cole J. Eisenshtadt, Esq. (Bar No. 2311281102)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
ccohen@gelawyer.com
ceisenshtadt@gelawyer.com