**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 8:25-cv-02335 |
| CITY OF BOWIE, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM**

Plaintiff, Danielle Rogal-Hudspeth, by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 45, respectfully moves for this Court to quash the Subpoena *Duces Tecum* served to four of her medical providers in December 2025. A copy of the Memorandum of Points and Authorities and a Proposed Order are attached.

Plaintiff seeks for the Court to quash Defendant's subpoenas because they lack any limitations as to scope, either in time or substance. Defendant's subpoenas request excessive and overbroad medical records and information that are unrelated to any claims or damages at issue in this case. For the reasons set forth in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Quash ("Plaintiff's Memorandum"), attached hereto, Plaintiff requests that the Court either quash the subpoenas entirely or modify the scope of the subpoenas in accordance with the time and subject matter relevant to the claims and defenses in the case.

In light of the foregoing reasons, and as further explained in Plaintiff's Memorandum, Plaintiff respectfully requests that the court enter an Order quashing or modifying the subpoenas at issue.

Dated: January 20, 2026

Respectfully submitted,

COLE EISENSHTADT

Cole J. Eisenshtadt (Bar No. 31805)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Ceisenshtadt-efile@gelawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January 2026, a copy of the foregoing Plaintiff's Motion to Quash Subpoena Duces Tecum was served on all parties of record through the Court's CM/CF filing system.

COLE EISENSHTADT
Cole J. Eisenshtadt, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 8:25-cv-02335 |
| CITY OF BOWIE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM**

Plaintiff, Danielle Rogal-Hudspeth, through her counsel, hereby submits this Memorandum of Points and Authorities In Support of Plaintiff's Motion to Quash Subpoena *Duces Tecum*, moving to quash subpoenas served by Defendant to her medical providers. For the reasons set forth below, the subpoenas at issue request excessive medical information, much of which is clearly beyond the scope of the claims and relevant medical damages that Plaintiff has placed at issue in the present matter. Defendant's subpoenas are not tailored to seek only relevant information. The Parties have met and conferred regarding the scope of the subpoenas at issue and, although they are in the process of negotiating a revised scope, no agreement concerning the scope of the subpoenas has been reached. Accordingly, Plaintiff respectfully requests the Court quash the subpoenas at issue.[1]

[1] Plaintiff will withdraw the motion if an agreement is reached between the Parties. However, given the deadline, Plaintiff files the present Motion to preserve her rights.

## I. BACKGROUND

On June 2, 2023, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and subsequently amended her charge on or about October 4, 2023, prior to her termination on December 14, 2023. *See* Dkt. 7 at ¶8 (Amended Complaint ("Compl.")). After receiving her right to sue letter, Plaintiff filed suit in Prince George's Circuit Court on July 8, 2024. On October 8, 2024, Plaintiff filed a second charge of discrimination with the EEOC regarding her termination. *Id.* at ¶10. Pursuant to MD Rule 2–341, on June 24, 2025, Plaintiff amended her Complaint to include claims related to her termination. *Id.*

Defendant removed the case to this Court on July 18, 2025. On September 12, 2025, Plaintiff served her First Set of Interrogatory Requests and First Set of Requests for the Production of Documents (together, "Plaintiff's Discovery Requests"). Defendant requested an extension of time to respond, to which Plaintiff consented, and served its responses to Plaintiff's Discovery Requests on November 5, 2025. The Parties are in the process of meeting and conferring regarding Defendant's discovery responses. Defendant served discovery requests on October 22, 2025. Plaintiff requested, and Defendant consented to, an extension until December 12, 2025, to provide responses. Plaintiff requested further extension until January 12, 2026, due to the departure of her prior counsel. Plaintiff provided her First Set of Responses to Interrogatories, First Set of Responses to Requests for the Production of Documents, and First Document Production on January 12, 2026. Neither party has yet taken depositions.

Both Parties' discovery requests include inquiries related to Plaintiff's medical condition and damages. It is uncontested that Plaintiff has put her health and medical conditions at issue,

due both to Plaintiff's claims of disability discrimination and failure to accommodate, and her requests for pecuniary and non-pecuniary compensatory damages in the matter.

Defendant served four of Plaintiff's medical providers with subpoenas *duces tecum*, commanding each to appear for depositions or produce requested documents by January 20, 2026. *See* Exhibit (Ex.) 1. On December 15, 2025, Plaintiff and her counsel received Defendant's Notice that it had served subpoenas to the four providers. *See* Ex. 2. On December 18, 2025, Plaintiff received copies of the subpoenas themselves from Defendant's counsel.

Pursuant to the Notice to Take Deposition Duces Tecum, *see* Ex. 3, the four named medical providers were commanded to produce "any and all medical records in [their] possession relating to the treatment or examination, for any reason and at any time, of" Plaintiff. Ex. 3 (internal quotations omitted). Defendant defined medical records as including, but not limited to:

> any and all doctor's reports, doctor's notes, x-rays, reports of x-rays radiology CDs, reports of radiology studies, bills for services rendered, correspondence to and from attorneys, nurse's notes, medical records received by you from any other health care providers who have treated or examined [Plaintiff] for any reason at any time, physical therapy notes and reports, prescription records, and any and all other documents of any sort that relate in any way to the treatment or examination of [Plaintiff] for any reason.

*Id.* On December 22, 2025, counsel for the Parties met and conferred regarding the status of discovery and the subpoenas. During this meeting, Plaintiff's counsel agreed to share proposed language to narrow the scope of the subpoenas. Plaintiff's counsel did so, and the proposed limitations are under review by Defendant's counsel.

## II. LEGAL STANDARDS

Upon receipt of a timely motion to quash, "the court for the district where compliance is required must quash or modify a subpoena that: [. . .] (iii) requires disclosure of privileged or

other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *Doe v. Tamaris (Gibraltar) Ltd. (In re DMCA Subpoena to GoDaddy.com, LLC)*, Case No. 25-mc-00319, 2025 U.S. Dist LEXIS 256252 (D. Md. Dec. 11, 2025) (citing Fed. R. Civ. P. 45(d)(3)(A)). "The decision to grant or deny a motion to quash is discretionary, and the ultimate decision about the reasonableness and burden of a subpoena is left to the sound discretion of the court." *Id.* (quoting *In re DMA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 515 (S.D.N.Y. 2022)) (internal quotations omitted).

In the United States District Court for the District of Maryland, the Court uses the "return date test" to determine whether a motion to quash is timely or will otherwise consider good cause for a delay. *Id.* (citing *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 n.2 (N.D. Cal. 2022) (considering motion to quash timely after deadline because responding party lodged a timely objection and tried to resolve the issue informally before moving to quash)); *Carter v. Archdale Police Dep't*, No. 1:13CV613, 2014 U.S. dist. LEXIS 61265, at *10 (M.D.N.C. May 2, 2014) (affirming "return date" test in 4th Circuit). The "return date test" requires that objections to the subpoena be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *In re DMCA Subpoena to GoDaddy.com, LLC*, 2025 U.S. Dist. LEXIS 256252, at *5–6; *see also Flynn v. Square One Distribution, Inc.*, No. 6:16-MC-25-ORL-37TBS, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016); *Carter v. Archdale Police Dep't*, No. 1:13CV613, 2014 WL 1774471, at *3 (M.D.N.C. May 2, 2014); *Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998); *Lula Williams, et al., v. Big Picture Loans, LLC, et al.,* No. CV 3:18-MC-1, 2018 WL 1368271, at *5 (E.D. Va. Mar. 16, 2018).

Under Federal Rule of Civil Procedure 26(b), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. [. . .] Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." *Sharp v. Balt. City Police Dep't*, Civil No. CCB-11-2888, 2013 U.S. Dist. LEXIS 58111, at *4 (D. Md. Mar. 1, 2013) (citing Fed. R. Civ. P. 26(b)). However, if the information would be inadmissible at trial, the proponent must establish that discovery of the information is reasonably calculated to lead to the discovery of admissible evidence. *Id.* (citing *Equal Rights Ctr., et al. v. Archstone-Smith Trust, et al.*, 251 F.R.D. 168, 170 (D. Md. 2008). Simply because certain information may be relevant under the federal rules does not permit unnecessary intrusion into the private matters of the parties. *Id.* (citing *Avianca v. Correia*, 705 F. Supp. 666, 677 (D.D.C. 1989)).

Courts, including in the Fourth Circuit, routinely find subpoenas requesting all medical information and records from every visit, regardless of when the visit occurred or the purpose of the visit, to be improper. *See, e.g.*, *Cappetta v. GC Servs. L.P.*, 266 F.R.D. 121, 125 (E.D. Va. 2009) (granting a modification to defendant's subpoenas because they sought "all medical records, regardless of content" and when they occurred); *EEOC v. Lexus Serramonte*, 237 F.R.D 220, 224 (N.D. Cal. 2006) (pointing out that the defendant's subpoena requests "sought medical records unlimited as to time," and granting plaintiff's motion to quash); *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 487 (N.D. Cal. 2014) (noting that "in the ordinary course of a person's medical history, ordinary medical records could contain treatment for physical conditions wholly unrelated to any conceivable claim in [a] case…"); *Kohari v. Jessie*, 2014 U.S. Dist. LEXIS 46033, at *8-9 (S.D.W.V. 2014) (finding that "defendant is only permitted to obtain those records pertaining to the condition that has been placed at issue").

## III. ARGUMENT

### A. Plaintiff's Motion to Quash is Timely

As noted above, on December 11, 2025, Defendant served Plaintiff its Notice of its service of subpoenas on her medical providers, and she received the Notice by mail on December 15, 2025. *See* Ex. 1. On December 22, 2025, counsel for the Parties met and conferred regarding discovery and the scope of the subpoenas at issue, at which time Plaintiff's counsel timely noted her objection to the scope of the subpoenas. Plaintiff's counsel memorialized the objection by email on December 23, 2025. Pursuant to FRCP 45(d)(3)(A), this satisfied the obligation to timely lodge an objection to the subpoenas. Moreover, as the present Motion to Quash has been filed by the date on which compliance with the subpoenas is due, the Motion is timely under the return date test. *See In re DMCA Subpoena to GoDaddy.com, LLC*, 2025 U.S. Dist. LEXIS 256252, at *5–6

### B. The scope of Defendant's subpoenas is unacceptably broad and is not calculated to the discovery of admissible evidence.

Defendant's subpoenas to Plaintiff's medical providers request the entire scope of any and all medical records relating to any treatment she received from each of the providers at any time. *See* Ex. 3. This request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

As noted above, Plaintiff does not contest that she placed her medical conditions at issue, both in relation to Defendant's liability and Plaintiff's damages. However, Defendant's subpoenas request information that far exceeds—both in timing and substance—what it is reasonably entitled to in order to make its defense against Plaintiff's claims of discrimination`.

The claims in this case involve alleged conduct that occurred between September 2022 and Plaintiff's termination from Defendant's employ in December 2023. *See* Amended

Complaint, Dkt. 007. Plaintiff started working for Defendant in July 2020. *Id.* ¶15. Plaintiff has alleged that she has suffered damages resulting from discrimination and harassment from October 2022 to the present. *See generally id.* Accordingly, the relevant inquiry into Plaintiff's medical information need not extend prior to 2020, which would be sufficient for both liability and damages defenses.

The facts here mirror several cases in which defendants requested medical information without any limitations as to scope. For example, in *Cappetta*, a Fourth Circuit case arising out of Virginia District Court, the defendant requested "complete medical records, excluding nothing, relating to [p]laintiff from January 1, 1998, through the present," which was, at the time, near the end of 2008. *See* 266 F.R.D. at 123, 127–130 (internal quotations omitted). The court found that the request was overbroad and held that "the scope of discovery must be limited to whether, and to what extent, [d]efendant's actions caused [p]laintiff to suffer emotional harm." *Id.* (citing *Vasconcellos v. Cybex Int'l, Inc.*, 962 F. Supp. 701, 709 (D. Md. 1997)) (internal quotations omitted). For this reason, the court modified the subpoena to encompass medical records dating back two years from the date the plaintiff filed her lawsuit. *Id.* at 127.

January 1, 2020, presents a more appropriate benchmark date because medical records from that time onward will encompass sufficient information regarding Plaintiff's health before and after facing the alleged discrimination and harassment by Defendant. Medical records from that date onward reflect relevant information about Plaintiff's health at the time she was hired by Defendant, through her employment with Defendant, and following her termination. There is no appropriate justification to burden Plaintiff or her medical providers with an inquiry that extends to an earlier date. Such an inquiry would produce largely irrelevant information and "is almost certain to involve annoyance, embarrassment, oppression, or undue burden or expense." *See*

*Sharp*, 2013 U.S. Dist. LEXIS 58111 at *7 (quashing subpoena calling for "sensitive medical information" from three years before any claims in the record).

Moreover, the subpoenas are overbroad in terms of the scope of medical information requested. Plaintiff has placed at issue mental and physical injuries related to her foot injury/disability, cardiac conditions, dermatologic conditions, post-traumatic stress disorder, depression, and anxiety. However, as noted herein, Defendant's subpoenas call for information that covers those conditions and an undefined scope of additional information that is not relevant to the case at hand. For this reason, the subpoenas should be modified or quashed entirely.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to quash Defendant's subpoenas *duces tecum* served to her medical providers, or otherwise modify the scope of the same to call for medical records to call for only relevant information from January 1, 2020, through the present.

Dated: January 20, 2026

Respectfully submitted

COLE EISENSHTADT

Cole J. Eisenshtadt, Esq. (Bar No. 31805)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
ceisenshtadt@gelawyer.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH<br>*Plaintiff*<br>v.<br>CITY OF BOWIE<br>*Defendant* | ) | Civil Action No. 8:25-CV-02335 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/ Khalid Ashai, MD - Ace Cardiovascular Associates
7525 Greenway Center, Suite 313, Greenbelt, MD 20770

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Notice of Deposition Duces Tecum.

| Place: Semmes, Bowen & Semmes<br>250 West Pratt Street, Ste. 1900<br>Baltimore, MD 21201 | Date and Time:<br>01/20/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, who issues or requests this subpoena, are:
Matthew J. McCloskey, 250 West Pratt Street, Suite 1900, Baltimore, MD 21201, 410-385-3905, wsykes@semmes.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:25-CV-02335

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH<br>*Plaintiff*<br>v.<br>CITY OF BOWIE<br>*Defendant* | ) | Civil Action No. 8:25-CV-02335 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/ Lauryn Smith-Winton, MD
117 Saint Patrick Drive, Suite 101, Waldorf, MD 20603

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Notice of Deposition Duces Tecum.

| Place: Semmes, Bowen & Semmes<br>250 West Pratt Street, Ste. 1900<br>Baltimore, MD 21201 | Date and Time:<br>01/20/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

________________________ ________________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant , who issues or requests this subpoena, are:

Matthew J. McCloskey, 250 West Pratt Street, Suite 1900, Baltimore, MD 21201, 410-385-3905, wsykes@semmes.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:25-CV-02335

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH<br>*Plaintiff* | ) | |
| v. | ) | Civil Action No. 8:25-CV-02335 |
| CITY OF BOWIE<br>*Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/ Luminis Health Doctor Community Medical Center
8118 Good Luck Road, Lanham, MD 20706

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Notice of Deposition Duces Tecum.

| Place: | Date and Time: |
|---|---|
| Semmes, Bowen & Semmes<br>250 West Pratt Street, Ste. 1900<br>Baltimore, MD 21201 | 01/20/2026 10:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

_____________________________ *Signature of Clerk or Deputy Clerk*

_____________________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, who issues or requests this subpoena, are:
Matthew J. McCloskey, 250 West Pratt Street, Suite 1900, Baltimore, MD 21201, 410-385-3905, wsykes@semmes.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:25-CV-02335

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________

______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH<br>*Plaintiff*<br>v.<br>CITY OF BOWIE<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 8:25-CV-02335 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/ Mariam M. Bahrami, MD - Bowie Primary Care, Inc.
4379 Northview Drive, Bowie, MD 20716

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Notice of Deposition Duces Tecum.

| Place: Semmes, Bowen & Semmes<br>250 West Pratt Street, Ste. 1900<br>Baltimore, MD 21201 | Date and Time:<br>01/20/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

____________________ ____________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant , who issues or requests this subpoena, are:
Matthew J. McCloskey, 250 West Pratt Street, Suite 1900, Baltimore, MD 21201, 410-385-3905, wsykes@semmes.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:25-CV-02335

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SEMMES
ATTORNEYS AT LAW
Ste. 1900
250 W. Pratt Street
Baltimore, Maryland 21201

CERTIFIED MAIL®

9589 0710 5270 3391 2705 54

IMORE MD 212
EC 2025 PM 1 L

Received
DEC 15 2025
Gilbert Employment Law, P.C.

Cori M. Cohen, Esq.
Geoffrey H. Simpson, Esq.
Cole J. Eisenshtadt, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Rd., Ste. 1000
Silver Spring, MD 20910

20910-637850

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DANIELLE ROGAL-HUDSPETH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF BOWIE**<br><br>**Defendant.** | **Civil Action No.: 8:25-CV-02335** |

**NOTICE TO DANIELLE ROGAL-HUDSPETH**
**IN COMPLIANCE WITH §4-306 OF THE HEALTH-GENERAL ARTICLE**
**ANNOTATED CODE OF MARYLAND**

Take note that medical records regarding **DANIELLE ROGAL-HUDSPETH** have been subpoenaed from:

Custodian of Records
Luminis Health Doctor Community Medical Center
8118 Good Luck Road
Lanham, MD 20706

Custodian of Records
Lauryn Smith-Winton, M.D.
117 St. Patricks Drive, Suite 101
Waldorf, MD 20603

Custodian of Records
Mariam M. Bahrami, M.D.
Bowie Primary Care, Inc.
4379 Northview Drive
Bowie, MD 20716

Custodian of Records
Khalid Ashai, M.D.
Ace Cardiovascular Associates
7525 Greenway Center, Suite 313
Greenbelt, MD 20770

Pursuant to the attached subpoena and § 4-306 of the Health-General Article, Annotated Code of Maryland. This subpoena ________ does **X** does not seek production of mental health records.

Please examine these papers carefully. If you have any objection to the production of these documents you must file a motion for a protective order or a motion to quash the subpoena issued for these documents under Maryland Rules 2-403 and 2-510 no later than Thirty (30) days from the date this Notice is mailed. For example, a protective order may be granted if the records are not relevant to the issues in this case, this request unduly invades your privacy or causes you specific harm.

Also attached to this form is a copy of the Notice to Take Deposition Duces Tecum issued for these records.

Respectfully submitted,

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (Bar No.: 20097)
mmcloskey@semmes.com
Brandy J. Gray (Bar No.: 28455)
bgray@semmes.com
Semmes, Bowen & Semmes
250 West Pratt Street, Suite 1900
Baltimore, Maryland 21201
(443) 454-6168
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of December, 2025, a copy of the foregoing Notice to **DANIELLE ROGAL-HUDSPETH** in Compliance with § 4-306 of the Health-General Article, Annotated Code of Maryland was mailed by certified mail, postage prepaid to:

Cori M. Cohen, Esq.
Geoffrey H. Simpson, Esq.
Cole J. Eisenshtadt, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Rd., Ste. 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
ccohen-efile@gelawyer.com
gsimpson-efile@gelawyer.com
ceisenshtadt-efile@gelawyer.com
*Counsel for Plaintiff*

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (Bar No.: 20097)

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**DANIELLE ROGAL-HUDSPETH,**

**Plaintiff,**

**v.**

**CITY OF BOWIE**

**Defendant.**

**Civil Action No.: 8:25-CV-02335**

## NOTICE TO TAKE DEPOSITION DUCES TECUM

Notice is hereby given pursuant to the Rules of Procedure that the oral deposition for the purposes of discovery will be taken of:

Custodian of Records
Luminis Health Doctor Community Medical Center

Custodian of Records
Bowie Primary Care, Inc.

Custodian of Records
Ace Cardiovascular Associates

Custodian of Records
Lauryn Smith-Winton, M.D.

On January 20, 2026 beginning at 10:00 a.m. before an officer authorized by law to administer oaths at the law offices of Semmes, Bowen & Semmes, Suite 1900, 250 West Pratt Street, Baltimore, Maryland 21201.

At the above date, time and place, you are requested to produce for inspection and copying any and all "medical records" in your possession relating to the treatment or examination, for any reason and at any time of **DANIELLE ROGAL-HUDSPETH , DOB:**

**01/21/1981** "Medical records" include, but are not limited to, any and all doctor's reports, doctor's notes, x-rays, reports of x-rays, radiology CDs, reports of radiology studies, bills for services rendered, correspondence to and from attorneys, nurse's notes, "medical records" received by you from any other health care providers who have treated or examined **DANIELLE ROGAL-HUDSPETH** for any reason or at any time, physical therapy notes and reports, prescription records, and any and all other documents of any sort that relate in any way to the treatment or examination of **DANIELLE ROGAL-HUDSPETH** for any reason.

**NOTE: YOU NEED NOT APPEAR FOR DEPOSITION AT THE ABOVE-REFERENCED DATE, TIME AND PLACE IF THE REQUESTED RECORDS ARE RECEIVED PRIOR TO JANUARY 20, 2026.**

Respectfully submitted,

*_/s/ Matthew J. McCloskey_*
Matthew J. McCloskey (Bar No.: 20097)
mmccloskey@semmes.com
Brandy J. Gray (Bar No.: 28455)
bgray@semmes.com
Semmes, Bowen & Semmes
250 West Pratt Street, Suite 1900
Baltimore, Maryland 21201
(443) 454-6168
*Attorneys for Defendant*

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**DANIELLE ROGAL-HUDSPETH,**

**Plaintiff,**

**v.**

**CITY OF BOWIE,**

**Defendant.**

**Civil Action No.: 8:25-CV-023335**

**NOTICE OF SERVICE OF DISCOVERY MATERIAL**

I HEREBY CERTIFY that on this 11th day of December, 2025, a copy of the foregoing Notice to Take Deposition Duces Tecum of the Custodian of Records of Luminis Health Doctor Community Medical Center, Ace Cardiovascular Associates, Bowie Primary Care, Inc., Lauryn Smith-Winton, M.D., and a copy of this Notice were mailed by certified mail, postage prepaid to:

Cori M. Cohen, Esq.
Geoffrey H. Simpson, Esq.
Cole J. Eisenshtadt, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Rd., Ste. 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
ccohen-efile@gelawyer.com
gsimpson-efile@gelawyer.com
ceisenshtadt-efile@gelawyer.com
*Counsel for Plaintiff*

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (Bar No.: 20097)
mmcloskey@semmes.com
Brandy J. Gray (Bar No.: 28455)
bgray@semmes.com
Semmes, Bowen & Semmes
250 West Pratt Street, Suite 1900
Baltimore, MD 21202
(443) 454-6168
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2025, a copy of the foregoing Notice and Notice to Take Deposition Duces Tecum were mailed by certified mail, postage prepaid to:

Cori M. Cohen, Esq.
Geoffrey H. Simpson, Esq.
Cole J. Eisenshtadt, Esq.
Gilbert Employment Law, P.C.
8403 Colesville Rd., Ste. 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
ccohen-efile@gelawyer.com
gsimpson-efile@gelawyer.com
ceisenshtadt-efile@gelawyer.com
*Counsel for Plaintiff*

*/s/ Matthew J. McCloskey*
Matthew J. McCloskey (Bar No.: 20097)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANIELLE ROGAL-HUDSPETH | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 8:25-cv-02335 |
| CITY OF BOWIE, | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Quash Subpoena Duces Tecum in the above-captioned matter, it is hereby ORDERED that Plaintiff's Motion to Quash Subpoena Duces Tecum is GRANTED.

Date: ____________________

________________________
Honorable Deborah L. Boardman
United States District Judge